## GALANOS v. UNITED STATES.
### No. 5859.

Circuit Court of Appeals, Sixth Circuit.
May 15, 1931.

Chas. C. Stewart and Arthur E. Koch, both of Detroit, Mich., for appellant.

Francis X. Norris, Asst. U. S. Atty.; of Detroit, Mich. (Gregory H. Frederick, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

Appellant was convicted of perjury (section 125, Criminal Code, section 231, tit. 18, USCA). He complains that a verdict of acquittal should have been instructed.

Kocotos and others had been on trial in the court below for conspiracy. Upon that former trial, Helen Gray was the chief witness for the prosecution. She had participated in the scheme, and defendants' testimony indicated that Galanos and she, rather than defendants, were responsible. He was called as a rebuttal witness for the government, and denied the conduct in question. Upon cross-examination, and apparently to affect his credibility, it was sought to have him admit such an interest in Helen Gray's protection as would indicate his association with her. After she had been held to bail by the commissioner as a material witness, in a still earlier related prosecution, she had been released upon a bond; and upon this cross-examination of Galanos he was asked:

"Q. Don't you remember, to refresh your recollection, that when Helen Gray was being held as a witness and it was necessary to furnish a bond for her appearance to testify, that you made arrangements yourself for the making of a bond? A. I did not.

"Q. Don't you know a certain peanut vendor,—I have forgotten his name,—that you got to come and sign the bond? A. I did not.

"Q. You state positively that you didn't? A. Yes, sir."

Upon the present trial the facts appear—practically without dispute—to be that the (later) defendants in the conspiracy case desired to procure this bond and had applied to a fellow countryman, Dukas, who was financially responsible, to get it for them; that Dukas proposed to get the bond from a surety company by furnishing indemnity to the company, and accordingly demanded from those defendants indemnification for himself; that what they could offer him was not sufficient; that at their request Galanos joined them in indemnifying Dukas; and that thereupon the bond was given, signed by Helen Gray as principal and the surety company as surety. Upon this state of facts, and particularly in view of the preceding effort in the cross-examination to have Galanos admit his acquaintance and dealing with the surety company agent, he was entitled to consider the question asked him as an inquiry whether he did not himself procure the surety company agent to give this bond; and his negative answer was literally true. Clearly he cannot be convicted of perjury merely because his literally accurate answer might have been somewhat modified in effect if he had been asked to state all the circumstances. Perhaps, if he had been asked specifically, he would have answered truly. The fact was that he did not "make arrangements" *himself* for the making of a bond, but that Dukas made this arrangement. Galanos participated with others in preliminary negotiations which eventually led to the making of the bond. The testimony of Kocotos tends to show greater activity by Galanos in instigating the plan to get the bond, but even this does not indicate more than a joinder by Galanos with three others in indemnifying Dukas.

The same facts show the lack of falsity in his answer regarding the peanut vendor. No one of the parties involved was accurately entitled to this description, but it can by possibility have referred only to Kocotos, who was one of the group which indemnified Dukas for his act in procuring the bond from the surety company. Very plainly, Galanos did not "get [Kocotos] to come and sign the bond." The defendants' motion for an instructed verdict of acquittal should have been granted; and we reach this conclusion without finding it necessary to pass upon the question of materiality.

The judgment is reversed, and the case remanded for further proceedings.