**UNITED STATES of America,
Appellee,**

v.

**Isidore S. ROSEN, Defendant-Appellant.**

**No. 123, Docket 29739.**

United States Court of Appeals
Second Circuit.

Argued Nov. 3, 1965.

Decided Nov. 22, 1965.

Certiorari Denied Feb. 21, 1966.

See 86 S.Ct. 889.

Jerome C. Ditore, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty., for the Eastern District of New York), for appellee.

Edwin Gold, Jamaica, N. Y. (Michael J. Lazar and Gold, Lazar & Cooper, Jamaica, N. Y., on the brief), for appellant.

Before KAUFMAN and HAYS, Circuit Judges, and TIMBERS, District Judge.*

PER CURIAM.

This is an appeal from a judgment of conviction entered upon the verdict of a jury which found appellant guilty of having committed perjury while testifying under oath before a Federal grand jury. 18 U.S.C. § 1621.

In so far as appellant's arguments are concerned with materiality and with self-incrimination and the right to assistance

* Chief Judge of the District Court of Connecticut, sitting by designation.

of counsel, decision is controlled by United States v. Winter, 348 F.2d 204, 207–08, 210–11 (2d Cir. 1965), which presented exactly the same fact pattern as is presented by the instant case. These arguments were properly rejected in that case and need not be discussed again here.

Appellant was originally indicted on four counts; he initiated the effort.and made the motion to limit the jury's deliberation to one count. The count placed before the jury charged Rosen with having falsely answered the following question:

"Have you had occasion to accept any gratuities from, not only any builder, but any construction representative of a builder, such as his construction superintendent or anyone else?"

 It is true that the question is inarticulately phrased. But, when taken in the context of the entire grand jury proceeding, it is not so vague and indefinite as to misinform the defendant about the nature of the charge against him.

Rosen was quite aware of the meaning of the term "gratuities." Before answering the question of which he now complains, he was asked to define "gratuities" and answered "a gift of any kind." Appellant denied that he had received any money from anyone engaged in the building of houses. He denied the receipt of "any gratuity," including liquor, after 1957. At the trial one builder after another testified that appellant had accepted gratuities during a period commencing in 1959. Given his protracted testimony before the grand jury and the evidence presented at trial it is inconceivable that either appellant or the jury could have been mistaken about the nature and content of the charge against him. In this context "Have you had occasion to accept" clearly meant "Have you on any occasion accepted any gratuities."

■ There is no merit in any of appellant's other arguments. Rosen's allegations that the prosecutor engaged in varying types of "misconduct" are not supported by the record. Grand jury minutes may properly be used to refresh a witness' memory. Upon the request of appellant, Judge Bruchhausen inspected the grand jury testimony of one witness; he properly declined to turn over the minutes.

Affirmed.