**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Loretta WALL, Defendant-Appellant.**

**No. 16983.**

United States Court of Appeals
Sixth Circuit.

Jan. 18, 1967.

S. Allen Early, Jr., Detroit, Mich., for appellant.

Robert J. Grace, Detroit, Mich. (Lawrence Gubow, U. S. Atty., William Merrill, Asst. U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before WEICK, Chief Judge, and PHILLIPS and PECK, Circuit Judges.

WEICK, Chief Judge.

Appellant, Loretta Wall, waived trial by jury and was convicted by the District Judge of the crime of perjury, in violation of 18 U.S.C. § 1621. She was placed on probation without supervision. The indictment for perjury grew out of her testimony before a grand jury which was investigating income tax evasion charges against one Russell Swarthout, for the tax years 1959 to 1961, inclusive.

The indictment alleged that she testified falsely before the grand jury as follows:

"Q. Have you ever been on trips with Mr X?

A. I have not."

The indictment further alleged:

"The aforesaid testimony of defendant Loretta Wall, as she then and there well knew, was not true, in that she had been on a trip with Mr X in Miami Beach, Florida, from February 14, 1964 through February 20, 1964."

The Court permitted the Government to amend the indictment so as to substitute the name of Russell Swarthout for Mr. X.

In the hearing conducted in the District Court on appellant's motion for a bill of particulars, her counsel asked what the Government meant by the words, "by a trip—on a trip", which were contained in the indictment. The Assistant United States Attorney answered:

"It can mean either one of two things: That a person accompanied somebody else travelling with, or it can mean that they were there at a particular place with a person."

If it meant the first one, there was no evidence to support the charge that appellant's answer to the question was untruthful. The proof did not show that appellant accompanied Swarthout on any trip to Miami Beach, Florida, or elsewhere. The Court admitted in evidence, without any identification, Ex. 8, which was a Braniff Airline ticket for Russell Swarthout for passage on February 13, 1964, from Oklahoma City to Miami Beach, Florida, and a similar ticket for Mrs. L. Wall for passage on February 14, 1964. If these two tickets had been properly identified and admitted in evidence they would have shown travel by a Russell Swarthout and a Mrs. L. Wall, separately, on two different days, rather than by one accompanying the other. But, since the tickets had not been properly identified, it was error for the District Court to admit them in evidence. Consequently there was no proof that Swarthout and Mrs. Wall made the trip together or separately, and there was no evidence to establish the falsity of the answer with respect to the first interpretation.

As to the second interpretation, there was competent evidence from which the jury could find only that Mrs. Wall was seen with Swarthout, going out of his room in a motel in Miami Beach, at some time during the period from February 14th through February 20th.

The trouble with this case is that the question upon which the perjury charge

was based, was inarticulately phrased, and, as admitted by the prosecution, was susceptible of two different interpretations. In our opinion, no charge of perjury can be based upon an answer to such a question.

If Mrs. Wall had understood the question to mean whether she had accompanied Swarthout on any trips, then so far as the record is concerned, her answer was correct and truthful. If the Government desired to elicit proof as to whether Swarthout and she had ever stayed together in a motel room in Miami Beach, or elsewhere, it could easily have phrased a proper question designed to obtain such information.

■ Where the defendant is under oath and in response to a question asked of him gives an answer which is "literally accurate, technically responsive or legally truthful," he cannot be convicted lawfully of perjury. Smith v. United States, 169 F.2d 118 (6th Cir. 1948); Galanos v. United States, 49 F.2d 898 (6th Cir. 1931).

■■ This must be so because the essence of the crime of perjury as defined in the statute is the belief of the witness concerning the veracity of his testimony. United States v. Winter, 348 F.2d 204 (2d Cir. 1965), cert. denied 382 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360. In a case where the question propounded admits of several plausible meanings, the defendant's belief cannot be adequately tested and it is necessary to determine what the question meant to him when he gave the disputed answer. United States v. Lattimore, 127 F.Supp. 405 (D.C.D.C.1955), aff'd, 98 U.S.App. D.C. 77, 232 F.2d 334 (1955).

■ There was no evidence to show what the question meant to Mrs. Wall when she answered it. In the absence of such evidence, no determination could be made as to the falsity of her answer. The evidence was insufficient to support the conviction. The District Court erred in denying the motion for judgment of acquittal.

In view of this disposition of the case, it is not necessary for us to pass upon the other alleged errors pointed out in appellant's brief, which related to the materiality of the question, whether the perjury charge was supported by the testimony of two witnesses or by one witness and corroborating evidence, and the authority of the Court to order an amendment to the indictment.

The judgment of conviction is reversed and the cause is remanded with instructions to discharge the appellant.