**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Carl DiGIOVANNI, Defendant-Appellant.**

**No. 16372.**

United States Court of Appeals
Seventh Circuit.

June 10, 1968.

Rehearing Denied July 15, 1968.

Certiorari Denied Oct. 28, 1968.

See 89 S.Ct. 256.

---

Edward J. Calihan, Jr., Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Gerald M. Werksman, Asst. U. S. Atty., Chicago, Ill., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., John Peter Lulinski, Arthur D. Rissman, Asst. U. S. Attys., of counsel, for appellee.

Before SCHNACKENBERG and HASTINGS, Circuit Judges, and KNOCH, Senior Circuit Judge.

HASTINGS, Circuit Judge.

Carl DiGiovanni appeals from a judgment of conviction entered May 2, 1967 following a jury trial. The single-count indictment charged that appellant, duly sworn as a witness, willfully and falsely "testified in substance [before a federal grand jury on March 29, 1966] that he did not give a statement to a court reporter and an investigator of Allstate Insurance Company on February 21, 1963, or any other time concerning his automobile accident on January 16, 1963, in Chicago, Illinois." Appellant was committed to the custody of the Attorney General for one year. He is currently at liberty on bond.

Most of the facts are undisputed. On January 16, 1963, appellant was involved in a traffic accident in Chicago with an insured of Allstate Insurance Company. Shortly thereafter, Allstate and its insured received letters from a firm of attorneys purporting to represent appellant in a claim for property damage and personal injuries sustained in the accident. In late February, Allstate received a form, entitled "Statement of Property Damage," signed by appellant. An answer on the form indicated that appellant had not been injured in the accident.

There is a dispute concerning the events of February 20 and 21, 1963. An investigator for Allstate testified that he called appellant on February 20 and appellant told him he was not injured in the accident. The investigator further testified that on February 21 he, with a court reporter, visited appellant at the barber shop where the latter was employed. He questioned appellant while the latter was cutting hair, and the court reporter recorded the conversation. The substance of the conversation, as related by the investigator and shown by the transcript of the reporter's notes, was that appellant suffered no injuries in the accident, that he only wished to be compensated for the property damage to his car, and that his attorneys wanted to make a "big deal" out of it. The investigator's testimony was corroborated in part.

Appellant testified at trial that on February 21, 1963 two men who did not identify themselves and were unknown to him came into the barber shop where he worked. His version of the conversation with the men was that they asked him whether he was injured and that he told them he was working and would talk to them if they came back later.

Appellant was subpoenaed by the March, 1966 federal grand jury for the Northern District of Illinois, which was investigating mail fraud by claimants, doctors and lawyers in presenting automobile insurance claims. Appellant appeared on March 29, 1966. He was accompanied by his attorney, who waited outside the jury room. He was questioned concerning his traffic accident, his injuries and his consultations with a doctor and his lawyers. He then denied that he gave a statement to the Allstate investigator. The indictment charging

him with perjury was returned June 2, 1966.

■ Appellant urges that the trial court erred in denying his motion to dismiss the indictment. The ground for the motion was that appellant was called before the grand jury as a "putative defendant" but was not effectively warned of his right to remain silent. This, he says, required the striking of the alleged perjurous statements on which the indictment rested.

■ We reject this contention. It is well established that the Government's failure to give Miranda [1]-type warnings to a grand jury witness, even one as to whom the proceedings have become accusatory, does not bar a perjury prosecution for false testimony before the grand jury. See Cargill v. United States, 10 Cir., 381 F.2d 849 (1967), cert. denied, 389 U.S. 1041, 88 S.Ct. 781, 19 L.Ed.2d 831(1968); United States v. DiMichele, 3 Cir., 375 F.2d 959, cert. denied, 389 U.S. 838, 88 S.Ct. 54, 19 L.Ed.2d 100 (1967); United States v. Rosen, 2 Cir., 353 F.2d 523 (1965), cert. denied, 383 U.S. 908, 86 S.Ct. 889, 15 L.Ed.2d 663 (1966); United States v. Winter, 2 Cir., 348 F.2d 204, cert. denied, 382 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360 (1965); United States v. Parker, 7 Cir., 244 F.2d 943, cert. denied, 355 U.S. 836, 78 S.Ct. 61, 2 L.Ed.2d 48 (1957). This case does not present the situation where an actual or potential defendant is called before a grand jury and, in the absence of the warnings, makes incriminating admissions.[2] We are therefore not called upon to determine the application of Escobedo v. Illinois [3] and Miranda v. Arizona [4] to admissions made by grand jury witnesses.[5] In the instant case there was no admission, and appellant was a "putative defendant," if at all, only in the sense

that the Government anticipated he would perjure himself if called to testify.

■ The transcript of appellant's testimony before the grand jury shows that he was effectively warned of his rights. He was told that he had a right to legal counsel to consult with in answering any questions before the grand jury and that anything he might say could be used against him later in a criminal proceeding. The following exchange then occurred:

"Q. You understand you are waiving your right to testify before this Grand Jury?

"A. Repeat that.

"Q. Based on the fact that you understand that anything you say may be used against you at a later date, do you waive your right to testify before this Grand Jury? You have a right to take what is commonly known as the Fifth Amendment, do you understand that?

"A. Yes.

"Q. Do you waive that right?

"A. I don't want to take the Fifth; I want to tell the truth.

"Q. We want the truth?

"A. Yes."

This excerpt indicates that, however awkwardly, appellant was effectively advised of his right to remain silent.

Appellant next contends that the Government failed to prove the offense charged in the indictment. The indictment charged that appellant falsely testified in substance that he did not "give a statement." His defense at trial was that he interpreted the word "statement" to mean "a legal form typed up by a court reporter being read by myself and signed first." Appellant relies on the

---

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. See generally Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968).

3. 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

4. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

5. See generally United States v. Luxenberg, 6 Cir., 374 F.2d 241 (1967); United States v. DiGrazia, D.C.N.D.Ill., 213 F. Supp. 232 (1963).

principle stated in United States v. Wall, 6 Cir., 371 F.2d 398, 400 (1967):

> "Where the defendant is under oath and in response to a question asked of him gives an answer which is 'literally accurate, technically responsive or legally truthful,' he cannot be convicted lawfully of perjury. Smith v. United States, 169 F.2d 118 (6th Cir. 1948); Galanos v. United States, 49 F.2d 898 (6th Cir. 1931)."

■ Appellant interprets the indictment as charging perjury with respect only to the questions whether he "gave a statement" or whether a "statement was taken" from him. We read the indictment more broadly, as referring to all of appellant's false answers regarding the giving of the statement. Significantly, it does not set out specific answers which it charges were false, but charges that *in substance* appellant denied giving a statement. Therefore *all* of appellant's grand jury testimony must be considered in determining whether the Government proved that he falsely denied giving the statement. See Conrad v. United States, 5 Cir., 255 F.2d 247 (1958).

■ The transcript of appellant's testimony before the grand jury shows that after he denied "giving a statement," the Assistant United States Attorney read each of the questions and answers from the transcript of the February 21, 1963 conversation with the Allstate investigator. After reading each question and the corresponding answer the Assistant asked: "Was that question put to you and did you give that answer?" Appellant answered "no" to each of the Assistant's questions. These answers were false and were unaffected by appellant's claimed misinterpretation of the word "statement." The transcript of his testimony before the grand jury clearly shows that he denied having the conversation with the Allstate investigator. His testimony was neither literally accurate, technically responsive nor legally truthful. Whatever his semantic difficulties with the word "statement," they did not affect the substance of his testimony.

Appellant further complains that the trial court erred in refusing to give certain instructions and in appending an inconsistent sentence onto another instruction.

The essence of the four instructions rejected was: 1) that the Government must prove beyond reasonable doubt the nonexistence of any other plausible legal explanation for appellant's statement, 2) that appellant was not guilty if his statement was legally truthful under any plausible theory, 3) that appellant was not guilty if he did not understand the questions and gave unresponsive answers, and 4) that appellant's intellect, education and environment should be considered in determining whether he was mistaken in his answers. The trial court gave instructions substantially the same as 1) and 2). The rejected instructions were designed to place before the jury the defense of mistake as to the meaning of the word "statement."

■■ Appellant relies upon the principle that a defendant is entitled to have the jury instructed on any theory of defense for which there is foundation in the evidence. We approve that principle. See United States v. Clancy, 7 Cir., 276 F.2d 617, 636 (1960), rev'd on other grounds, 365 U.S. 312, 81 S.Ct. 645, 5 L.Ed.2d 574 (1961). However, it has no application here. As we interpret the indictment, appellant's understanding of the word "statement" is irrelevant. The evidence affords no foundation for a finding that appellant misunderstood all the relevant questions put to him before the grand jury. His most damaging answers were given to the series of questions: "Was [each of the questions on the Allstate transcript] put to you and did you give [each of the answers on the transcript]?" Appellant does not and could not contend he did not understand those questions.

The trial court instructed the jury that to convict it must find beyond a reasonable doubt that appellant falsely testified *in substance* that he did not give such a

statement. The court then gave this instruction tendered by defendant:

"There has been evidence in this trial concerning other statements made by the defendant; these are not to be considered by you as proving the charge of the indictment, except insofar as such statements may throw light on the motive with which the defendant acted and they should be considered by you for no other reason than that."

and appended the sentence: "But you may consider all of them."

 Appellant contends that the added sentence negated the preceding portion of the instruction and invited the jury to return a guilty verdict on the basis of false statements other than those charged in the indictment. We disagree. The import of the whole instruction was that the other statements could be considered insofar as they reflected light on appellant's motive, not as proving the charge of the indictment.

Finally, appellant complains that the trial court should have granted a mistrial after the Assistant United States Attorney during his final argument accused defense counsel of a "cheap trick." During cross-examination of the foreman of the March, 1966 grand jury defense counsel asked the witness if he had ever made a statement in the case. The witness answered that he had not. In his closing argument defense counsel called the jury's attention to the witness' answer and the fact that the witness' testimony was being recorded by the court reporter as he spoke. It was this that the Assistant called a "cheap trick." When defense counsel objected to the characterization, the court denied his motion for mistrial, but stated that "The words 'cheap trick' may go out." It is appellant's contention that the Assistant's comment and the court's mild rebuke destroyed the viability of the mistake defense.

We cannot agree that the Assistant's "indelicate" remark requires reversal of appellant's conviction. However mild the rebuke, the trial court struck the remark. Furthermore, since we have held appellant's mistake defense not to be viable, it is of no consequence that the remark may have destroyed it.

The judgment of conviction appealed from is affirmed.

Affirmed.