**UNITED STATES ex rel. Joseph AN-NUNZIATO, Petitioner-Appellant,**

**v.**

**John T. DEEGAN, Warden, Sing Sing Prison, Respondent-Appellee.**

No. 614, Docket 35402.

United States Court of Appeals, Second Circuit.

Submitted March 16, 1971.

Decided March 26, 1971.

Bowman, New York City, of counsel), for petitioner-appellant.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., and Hillel Hoffman, Asst. Atty. Gen., New York City, for respondent-appellee.

Before SMITH and MOORE, Circuit Judges, and TIMBERS, District Judge.*

TIMBERS, District Judge:

Appellant Annunziato was charged, tried and convicted on May 22, 1967 after a jury trial in the Supreme Court, New York County, of nine counts of first degree perjury. He was sentenced to concurrent 2 to 4 year terms on the first five counts, plus concurrent 2 to 4 year terms on the second four counts. The two sets of concurrent terms were ordered to run consecutively to each other. Thus his net sentence was a total of 4 to 8 years. His conviction was unanimously affirmed by the Appellate Division without opinion on June 27, 1968. People v. Annunziato, 30 A.D.2d 775, 292 N.Y.S.2d 364 (1st Dept. 1968). Leave to appeal to the New York Court of Appeals was denied on August 27, 1968.

■■ In his habeas corpus proceedings in the District Court, appellant, then incarcerated in Sing Sing Prison, raised four claims, only two of which were ruled upon by the District Court and are properly before us, appellant having exhausted his state remedies as to these two claims by raising them on his direct appeal and the unexhausted claims being unrelated to the exhausted ones.[1] We hold that Judge Motley on

Rabinowitz, Boudin & Standard, New York City (David Rosenberg and Dorian

---

* Chief Judge of the District of Connecticut, sitting by designation.

1. In addition to the two claims ruled upon by the District Court, appellant also raised these claims: (1) improper use of the grand jury's inquisitorial power solely for the purpose of securing petitioner's indictment for perjury, in violation of his rights under the Fourth and Fourteenth Amendments; and (2) admission into evidence of material obtained through use of an electronic recording device, in violation of his rights under the Fourth and Fourteenth Amendments. Since appellant had not exhausted his state remedies with respect to these two claims, the District Court properly declined to rule upon them, 28 U.S.C. § 2254(b) and (c) (Supp. IV, 1965–68); United States ex rel. Levy v. McMann, 394 F.2d 402, 404–05 (2 Cir.

May 20, 1970, after careful consideration, correctly rejected appellant's two exhausted claims, briefly summarized as follows.

First, appellant claims that the imposition of consecutive sentences under the circumstances of this case constituted cruel and unusual punishment in violation of the Eighth Amendment, made applicable to the states by the Fourteenth Amendment. The separate counts, although arising from a similar course of criminal conduct, were sufficiently distinct to warrant consecutive sentences, which were well within the limits of New York law. N.Y. Penal Law of 1909, § 1633 (McKinney App. 1967) (perjury); N.Y. Penal Law of 1909, § 2190(4) (McKinney App.1967) (consecutive sentences). Appellant does not challenge the constitutionality of the statutes under which he was convicted and sentenced. Judge Motley properly rejected appellant's cruel and unusual punishment claim upon the authority of United States v. Dawson, 400 F.2d 194, 200 (2 Cir. 1968), cert. denied, 393 U.S. 1023 (1969), the principles of which we hold are applicable to habeas corpus collateral attacks upon consecutive sentences.

Second, appellant claims that his testimony under compulsion before the grand jury, because his failure to waive immunity would have resulted in dismissal from public employment, violated his privilege against self-incrimination under the Fifth and Fourteenth Amendments. True, the procedure under which appellant in 1965 was required to sign a waiver of immunity if he wished to remain in public employment, N.Y. City Charter, § 1123; N.Y. State Constitution, Art. I, § 6, subsequently was condemned by the Supreme Court as unconstitutional testimonial compulsion. Sanitation Men v. Sanitation Comm'r, 392 U.S. 280 (1968); Gardner v. Broderick, 392 U.S. 273 (1968); Garrity v. New Jersey, 385 U.S. 493 (1967). But here appellant was not prosecuted for *past* criminal activity based on what he was forced to reveal about himself; he was prosecuted for the *commission of a crime while testifying*, i. e. perjury. In short, while a public employee may not be put to the Hobson's Choice of self-incrimination or unemployment, he is not privileged to resort to the third alternative, i. e., lying. The Supreme Court has squarely so held. United States v. Knox, 396 U.S. 77, 82 (1969).[2] Judge Motley properly rejected appellant's testimonial compulsion claim.[3]

Affirmed.

1968); United States ex rel. Gentile v. Mancusi, 426 F.2d 238, 240 (2 Cir. 1970); and of course they are not before us on this appeal. We review only exhausted claims raised by a petition which included both exhausted and unexhausted claims. United States ex rel. Levy v. McMann, *supra*, at 404 n. 3.

2. See People v. Goldman, 21 N.Y.2d 152, 287 N.Y.S.2d 7, 234 N.E.2d 194 (1967), appeal dismissed for want of substantial federal question, 392 U.S. 643 (1968), rehearing denied, 393 U.S. 899 (1968). In *Goldman*, on facts closely analogous to those in the instant case, the New York Court of Appeals affirmed a perjury conviction of a New York City policeman who had signed a waiver of immunity prior to the *Garrity* decision in the Supreme Court and who had testified falsely before a grand jury regarding his association with a gambler. The Supreme Court dismissed the appeal in *Goldman*

for want of a substantial federal question on June 17, 1968, seven days after its decisions in *Gardner* and *Sanitation Men*.

3. We do not express any opinion, nor did the District Court below, upon any possible "duress" defense which might have been available to appellant in the state trial court—referring to "the traditional doctrine that a person is not criminally responsible for an act committed under duress," United States v. Knox, *supra*, at 83, or where compulsion is "likely to exert such pressure upon an individual as to disable him from making a free and rational choice." Miranda v. Arizona, 384 U.S. 436, 464–65 (1966); Garrity v. New Jersey, *supra*, at 497. No such claim was made in the District Court and no such defense was asserted in the state trial court (where the possibility of such defense would not have been known to appellant or his trial counsel).