**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles G. NICKELS, Defendant-
Appellant.**

**No. 74–1153.**

United States Court of Appeals,
Seventh Circuit.

Argued June 6, 1974.

Decided Sept. 12, 1974.

Rehearing En Banc Denied Nov. 1, 1974.

According to the one-count indictment, defendant told the grand jury in substance that while in the performance of his duties as a Chicago police officer, he had never received any money from any persons, where as in truth he had received money from Joseph Dawson and John Cello between January 1965 and May 1966 while in the performance of such duties.

In 1964, defendant was assigned to the 18th Chicago Police District Vice Squad to conduct wire surveillance. He remained there until the spring of 1966. At the trial, a former Chicago policeman, Joseph Dawson, and suspended policeman John Cello testified that defendant was given a share of monthly payoffs given to Dawson and Cello by gambling interests and tavern keepers. The division of the payoffs took place in secrecy in defendant's presence at the Olympic Hotel in Chicago on several occasions. The "package" was divided among the sixteen members of the Vice Squad. Martin B. Brody keeper of the Olympic Hotel, testified that he gave a police officer $75 in the defendant's presence "to keep the vice squad away." He also testified that he gave defendant $75 on another occasion.

Thomas P. Sullivan, J., Stephen Walker, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Gary L. Starkman, Royal B. Martin, Jr., Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before CLARK, Associate Justice,[1] CUMMINGS, Circuit Judge, and BEAMER, Chief District Judge.[2]

CUMMINGS, Circuit Judge.

Defendant, a Chicago police officer, was convicted by a jury for making a false declaration before a grand jury in violation of 18 U.S.C. § 1623. He received an 18-month sentence.

I

Defendant first argues that his grand jury testimony should have been suppressed because it was given under the duress of Rule 51 of the Chicago Police Department prohibiting officers from failing to give evidence before a grand jury. On the basis of prior Supreme Court decisions, we held Rule 51 constitutionally invalid because it denied police officers the privilege against self-incrimination where criminal prosecution may have followed. Confederation of Police v. Conlisk, 489 F.2d 891 (7th Cir. 1973). Subsequently, we held that even in the face of such a rule a

---

1. Associate Justice Tom C. Clark of the Supreme Court of the United States (Ret.) is sitting by designation.

2. Chief Judge George N. Beamer, United States District Court, Northern District of Indiana, is sitting by designation.

public employee is not privileged to lie before a grand jury, stating:

> "We find no reason or justification for extending this umbrella of [Fifth Amendment] protection to shield a witness against prosecution for knowingly giving false testimony." United States v. Devitt, 499 F.2d 135, 142 (7th Cir. 1974).

To the same effect, see United States v. Pacente, 503 F.2d 543, 548–549 (7th Cir. en banc, 1974); United States ex rel. Annunziato v. Deegan, 440 F.2d 304, 306 (2d Cir. 1971); cf. United States v. Knox, 396 U.S. 77, 90 S.Ct. 363, 24 L. Ed.2d 275; United States v. Cooper, 493 F.2d 473, 474 (5th Cir. 1974).

■ Defendant complains that no agent of the federal government interviewed him prior to the time he appeared before the grand jury. There is no such requirement.

■■ Defendant urges that the Government was not entitled to propound questions to the defendant before the grand jury concerning events prior to the five-year statute of limitations. The point is without merit because the grand jury's scope of inquiry is not limited to events which may result in criminal prosecution. *Devitt, supra*, 499 F.2d 140; United States v. Cohn, 452 F.2d 881, 883 (2d Cir. 1971), certiorari denied, 405 U.S. 975, 92 S.Ct. 1196, 31 L. Ed.2d 249.

■ Defendant next contends that before he testified, the prosecutor wrongly advised him that anything he said could be used against him in subsequent criminal proceedings. Although it reflects badly on the Government, such an over-warning is no defense to a perjury charge. Compare the erroneously required waiver in United States ex rel. Annunziato v. Deegan, 440 F.2d 304, 306 (2d Cir. 1971). The incorrect warning simply restated one horn of the dilemma which Rule 51 would have created if valid. While it probably made that apparent dilemma more salient to the witness, it does not change the nature of the witness' dilemma. Accordingly, the warning does not distinguish this case from *Devitt* and *Pacente*.

■ Although defendant states that the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 with respect to right to appointed counsel were inadequate, the transcript of the colloquy between the defendant and prosecutor before the grand jury shows that defendant was adequately informed about that right.

■ The Government's failure to advise Nickels that he was a potential defendant does not bar a perjury prosecution for false testimony before a grand jury. United States v. DiGiovanni, 397 F.2d 409, 412 (7th Cir. 1968), certiorari denied, 393 U.S. 924, 89 S.Ct. 256, 21 L.Ed.2d 260. Similarly, it was unnecessary to warn defendant of the potential for perjury. United States v. Winter, 348 F.2d 204, 210 (2d Cir. 1965), certiorari denied, 382 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360.

■ Defendant also argues that the Government's entire course of conduct discussed in this section of the opinion supports an inference that he was called before the grand jury for the purpose of procuring perjured testimony. Since the questions were material to the grand jury's investigation, we doubt that we can inquire into the motivation for asking them. Cf. *Devitt*, 499 F.2d 140; United States v. Lazaros, 480 F.2d 174, 177 (6th Cir. 1973). But even if the questions were asked with the expectation of perjured answers, defendant cannot complain. This is not an entrapment case. *Lazaros* at 178–179. It was defendant's predisposition to lie his way out of his difficulties that led to this crime. The Government did not solicit or encourage perjury; at most it created a situation in which perjury appeared expedient. This is not "so outrageous" as to bar prosecution. United States v. Russell, 411 U.S. 423, 431, 93 S.Ct. 1637, 36 L.Ed.2d 366. To the extent United States v. Mandujano, 496 F.2d

1050 (5th Cir. 1974), and United States v. Rangel, 496 F.2d 1059 (5th Cir. 1974), are *contra*, we respectfully disagree.

## II

■ Defendant offered five exhibits at the opening of his case-in-chief to show that his perjury before the grand jury had been committed under duress. These exhibits consisted of legal matters. Defendant first proffered Rule 51 of the Chicago Police Department, then three portions of the Government's answer to defendant's motion to quash, and finally the Supreme Court's opinion in Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562, holding that a State cannot use the threat of discharge to secure incriminating evidence against an employee. We have already held that compulsion of this nature does not justify a witness in testifying falsely, and the argument fares no better under the rubric of duress.

■ In any event, this Circuit follows the common law rule that duress is a defense only if the defendant reasonably feared immediate death or serious bodily injury which could be avoided only by committing the criminal act charged. United States v. Stevison, 471 F.2d 143, 147 (7th Cir. 1972), following Shannon v. United States, 76 F.2d 490, 493 (10th Cir. 1935) (collecting cases). Since defendant offered no evidence to support such a finding, the exhibits were properly excluded. We therefore disagree with the district court in United States v. Lazaros, affirmed on other grounds, 480 F.2d 174 (6th Cir. 1973), and with United States v. Willoz, 449 F. 2d 1321, 1325 (5th Cir. 1971). Defendant relies heavily on United States v. Knox, 396 U.S. 77, 83, 90 S.Ct. 363, 24 L.Ed.2d 275, but the Court there explicitly refused to decide the duress issue. Attempts to evade the consequences of

one legal proceeding, even if perceived as unjust, do not justify further crimes. United States v. Birch, 470 F.2d 808, 812–813 (4th Cir. 1972).

## III

■ Defendant next argues that four of the questions and answers from his grand jury testimony were outside the indictment and an impermissible amendment thereto. The indictment alleged that defendant knowingly declared. *"in substance"* before the grand jury that while in performance of his duties as a Chicago police officer, he had never received any ·money from any person (emphasis added). The four questions pertained to defendant's receipt of money from other persons, including police officers, while he was assigned to the 18th District, and negative answers were given. These questions and answers were clearly within the "in substance" allegation of the indictment and did not constitute an impermissible amendment. Cf. United States v. Rook, 424 F.2d 403, 405 (7th Cir. 1970), certiorari denied, 398 U.S. 966, 90 S.Ct. 2180, 26 L.Ed.2d 550.

## IV

■ Defendant urges that the district court erroneously allowed hotelkeeper Brody to give testimony concerning a $75 protection payment to the defendant. This testimony showed that the statement charged in paragraph 4 of the indictment[3] was untrue, so that it did not constitute a fatal variance. The "any person" charge in paragraph 4 was not limited by paragraph 5, which charged that defendant's statements were false because he had taken money from Cello and Dawson. See United States v. Marchisio, 344 F.2d 653, 662 (2d Cir. 1965).

---

3. Paragraph 4 of the indictment charged:
"At the time and place aforesaid, defendant Charles G. Nickels, while under oath, knowingly did declare in substance before said Grand Jury with respect to the aforesaid

material matter that while in the performance of his duties as a Chicago police officer, he had never received any money from *any person.*" (Emphasis supplied.)

## V

·Defendant claims the district judge should not have refused to give his proposed instructions 14 and 15.[4]

■ In this connection, defendant first asserts that his negative answer to the question whether he received any money while in the 18th District from any bar owner, tavern owners or businessmen who ran an establishment that sold alcoholic beverages was literally true. We disagree. During the division of payoffs, Cello explained to Dawson and defendant which taverns had contributed payoffs to Cello. The "package" was then divided among these three and thirteen other policemen. Since Cello had testified that the payoffs he contributed to the pot came from tavern owners, the Government proved that defendant's answer was false.

■ Defendant next asserts that his answer "No, sir, not for my duties" to the question whether he received any money from any persons while on official duty as a Chicago policeman was also literally true. But his initial response "No, sir" was directly responsive and false, so that the non-responsive attempted hedge which followed was not effective. Bronston v. United States, 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568, is of no avail because Bronston replied only to a question which was not

asked. Every portion of Bronston's answer was both non-responsive and literally true, whereas the only responsive portion of this defendant's answer was false. Of course a witness may give an answer and then qualify it, but the qualification must also be responsive or it is irrelevant.

■ Since the evidence does not support the theory of the case embodied in defendant's instructions 14 and 15, the denial thereof by the trial judge was proper. United States v. Kahn, 472 F.2d 272, 285 (2d Cir. 1973), certiorari denied, 411 U.S. 982, 93 S.Ct. 2270, 36 L.Ed.2d 958; United States v. DiGiovanni, 397 F.2d 409, 413 (7th Cir. 1968), certiorari denied, 393 U.S. 924, 89 S.Ct. 256, 21 L.Ed.2d 260.

## VI

■ Our perusal of the indictment satisfies us that it adequately informed defendant of the nature of the charge and of the materiality of the false statements. The indictment, together with the answers to the defendant's motion for a bill of particulars, contained sufficient specificity. United States v. Rook, 424 F.2d 403, 405 (7th Cir. 1970), certiorari denied, 398 U.S. 966, 90 S.Ct. 2180, 26 L.Ed.2d 550.

The judgment of conviction is affirmed.

---

4. Defendant's instruction 14 stated:
"The burden is on the questioner to pin the witness down to the specific object of the questioner's inquiry. You are instructed that if an answer is subject to an interpretation that it is literally truthful, it is not perjury, even if the answer is evasive, incomplete, misleading, or unresponsive."
Defendant's instruction 15 would have charged:
"You are instructed that if an answer is literally true it is not perjury."