United States Court of Appeals,

Fifth Circuit.

No. 91-6258.

R.B. SPRINGER, Petitioner-Appellant,

v.

Lawrence COLEMAN, Director, Harris County Adult Probation Department, Respondent-Appellee.

Aug. 23, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, GOLDBERG, and JONES, Circuit Judges.

GOLDBERG, Circuit Judge:

R.B. Springer appeals from the district court's denial of his petition for a writ of habeas corpus. Springer, a former Houston police officer, was investigated by a Texas grand jury regarding allegations of police brutality. Specifically, the grand jury questioned Springer about numerous complaints that Springer had choked suspects and prisoners in his custody. In the course of the grand jury proceedings, and while Springer was under oath, one of the grand jurors asked Springer the following question: "Mr. Springer, have you ever physically abused or mistreated a prisoner or suspect in your custody?" Springer answered: "No sir."

On the basis of Springer's grand jury testimony, Springer was charged with aggravated perjury and tried in state court. At Springer's bench trial, the state presented eight witnesses who testified that Springer had choked or otherwise mistreated them while they were in Springer's custody. Springer was convicted and sentenced to ten years imprisonment, probated on the condition that he serve 30 days in the Harris County jail.

Springer's conviction was affirmed on direct appeal by the Texas Fourteenth Court of Appeals. 721 S.W.2d 510. Springer's subsequent petition for discretionary review was denied by the Texas Court of Criminal Appeals, as was Springer's application for a state writ of habeas corpus in the trial court. On appeal of the denial of habeas corpus, a divided panel of the Texas Fourteenth Court of Appeals again affirmed Springer's conviction.

Springer next petitioned the federal district court for a writ of habeas corpus, alleging that his state perjury conviction violated the Due Process Clause of the Fourteenth Amendment. The district court rejected appellant's petition and declined to disturb the state perjury conviction, finding that "the evidence showed the falsity of Springer's response in that numerous witnesses testified to the mistreatment that they received while in Springer's custody." We affirm the district court's denial of Springer's petition for a writ of habeas corpus.

ANALYSIS

Under Texas law, a person commits perjury if the person makes a false statement under oath, with intent to deceive, and with knowledge of the statement's meaning. Tex.P.C. § 37.02. The term "statement" means "any representation of fact." Tex.P.C. § 37.01(3). Perjury is aggravated if the false statement is made during an official proceeding, including a grand jury proceeding. Tex.P.C. § 37.03 and § 37.01(2). *See Terrell v. State,* 801 S.W.2d 544, 547 (Tex.App.1990).

It is the role of the fact-finder to determine whether the defendant understood the question propounded to him and intentionally lied. *United States v. Thompson,* 637 F.2d 267, 270 (5th Cir.1981); *United States v. Cuesta,* 597 F.2d 903, 921 (5th Cir.) *cert. den.* 444 U.S. 964, 100 S.Ct. 451, 62 L.Ed.2d 377 (1979). The state trial judge, who was the trier of fact in this non-jury trial, found that Springer understood the question propounded to him, and intentionally lied to the grand jury. In reviewing a state conviction under a petition for a writ of habeas corpus, "federal courts must accord a presumption of correctness to any state court factual findings." *Barnard v. Collins,* 958 F.2d 634, 636 (5th Cir.1992); *Miller v. Fenton,* 474 U.S. 104, 105, 106 S.Ct. 445, 446, 88 L.Ed.2d 405 (1985); 28 U.S.C. § 2254(d).

Springer does not challenge the state court's factual findings, but instead argues that the question, "[h]ave you ever physically abused or mistreated a prisoner or suspect in your custody?," was so "vague" that as a matter of constitutional law it could not form the basis of a constitutional conviction. According to the appellant, the state perjury conviction violates the Due Process Clause of the Fourteenth Amendment because there is no objective standard by which to determine what constitutes "physical abuse" or "mistreatment."

Appellant's constitutional argument is based on an analogy to the well established void-for-vagueness doctrine, under which state convictions obtained under vague statutes have been found to be in violation of the Due Process Clause. In *Kolender v. Lawson,* 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), the Court held that a statute requiring persons to show "credible and reliable identification" when requested by a police officer was unconstitutionally vague on its face. *See also Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972) (finding unconstitutionally vague a statute prohibiting *inter alia* "wandering or strolling around from place to place without any lawful purpose or object"). "The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited ..." *Kolender,* 461 U.S. at 357, 103 S.Ct. at 1858. A conviction may be unconstitutional if it is obtained under a statute so vague that it does not provide adequate notice of what conduct will be deemed criminal.

Arguing by analogy, the appellant maintains that some questions, like some statutes, may be so vague that a reasonable person could not be expected to know whether the question propounded was a question of fact or a question of opinion. If the witness mistakenly interprets a vague question as one asking for an opinion, the witness would not be on notice that the answer to this question could implicate the laws of perjury. According to Springer, the terms used in the question at issue, "mistreat" and "abuse," are as vague as the terms "credible and reliable" in the statute struck down by the *Kolender* Court. Thus, Springer concludes that the question of whether he had ever "physically abused" or "mistreated" suspects in his custody was too vague to support a conviction for perjury.

Appellant cites no precedent for the proposition that a state perjury conviction may be found *unconstitutional* because the question in response to which the defendant was found to have committed perjury was too vague.[1] We have no occasion to decide whether the Due Process Clause

---

[1] A number of opinions employ an analysis similar to that urged by the appellant in reversing convictions obtained under the federal perjury statute. In *United States v. Bell,* 623 F.2d 1132 (5th Cir.1980), the defendant was asked whether he had any of the records requested in a subpoena. The defendant answered "no," even though his office files indisputably contained such records. On appeal, the defendant argued that he thought he was being asked whether he had the

prohibits perjury convictions obtained with vague questions because we find that the question propounded to Springer was not vague.

In view of the entire grand jury record, the question propounded to Springer, i.e., whether he had physically abused or mistreated suspects in his custody, simply asked Springer whether he had treated suspects in a way that caused them physical injury, such as choking them. Springer's answer, "No Sir," was a reiteration of Springer's repeated denials of choking suspects in his custody. In the course of the grand jury investigation Springer admitted that he had used choke holds while attempting to apprehend violent suspects. However, in answering further questions, Springer categorically denied choking persons *in Springer's custody;* whether they were prisoners,[2] or suspects in his custody at the police station.[3] Springer also specifically denied choking several named

records with him that day in the court room. Recognizing the "problem that necessarily arises when an answer would be true on one construction of an arguably ambiguous question but false on another (citation omitted)," the *Bell* court reversed the perjury conviction. The court explained that although the defendant "may very well have known what the government now says it was seeking, ... the evidence does not establish that fact. "Defendants may not be assumed into the penitentiary.' " *Id.* at 1137 (citation omitted).

Similarly, a federal perjury conviction on the basis of an ambiguous question was reversed in *United States v. Wall,* 371 F.2d 398 (6th Cir.1967). Defendant Wall was convicted of perjury on the basis of her testimony before a grand jury. Wall was asked whether she had "been on trips with Mr. X," and she answered "I have not." Wall was convicted of perjury after the government showed that in fact, Wall, who lived in Oklahoma City, was seen with Mr. X in Miami. The Sixth Circuit reversed, finding that the question propounded to Wall was susceptible to two interpretations. The question of whether a person had been on trips with another could either mean "[t]hat a person accompanied somebody else traveling with, or it can mean that they were there at a particular place with a person." *Id.* at 399. There was no evidence that Wall accompanied X on any trip to Miami, but there was evidence that Wall spent time in Miami with X. As the question was readily open to two plausible interpretations, the Sixth Circuit held that "no charge of perjury can be based upon an answer to such a question." *Id.* at 400. The court explained that when "the question propounded admits of several plausible meanings, the defendant's belief cannot be adequately tested if it is necessary to determine what the question meant to him when he gave the disputed answer." *Id. See also United States v. Lattimore,* 112 F.Supp. 507, 516 (D.D.C.1953) *affd. in part and revd. in part* 215 F.2d 847 (D.C.Cir.1954); *O'Connor v. United States,* 240 F.2d 404, 405 (D.C.Cir.1956).

[2]Q: Have you ever, with any prisoner in your custody, choked that prisoner?

A: No, sir.

[3]Q: Have you choked them or struck them in any fashion after they were in custody in the police station?

persons that were in his custody, including Mr. Phillips, and Mr. Vackar. It was after denying that he had choked suspects in his custody, such as Mr. Phillips, that Springer was asked the more general question: "Mr. Springer, have you ever physically abused or mistreated a prisoner or suspect *in your custody?* " In proper context, Springer's answer to this question, denying that he physically abused or mistreated persons in his custody, is merely a generalized restatement of his more specific claim that he never choked suspects such as Phillips, and Vackar. We agree with the Texas appellate court that in this context "the words "abuse' and "mistreatment' connote physical or mental injury." Choking a person, stopping the breath of a person by squeezing or obstructing the windpipe, is a form of physical abuse and mistreatment.

Contrary to Springer's general and specific denials of choking Phillips, Vackar, and other persons in his custody, the state's witnesses at trial established that Springer had in fact choked Phillips, Vackar, and others. There was ample evidence for the state trial court to conclude that Springer's denial of such choking, or other forms of physical abuse, was an intentional lie. In sum, when put in the context of the entire grand jury proceedings, the question propounded to Springer was not vague, and his perjury conviction was not fundamentally unfair or otherwise in violation of the constitution.

In addition to the void-for-vagueness argument, Springer claims that his state perjury conviction was invalid because the grand juror's question called for an opinion, not a representation of fact as required by Tex.P.C. § 37.01(3). The Texas state courts, applying Texas law, held that the question at issue called for a statement of fact. As a Federal Court we may find that the state court's application of state perjury law violates due process, but we may not interfere with the state court's application of state law. *Smith v. McCotter,* 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a "super' state supreme court. (citation omitted) Consequently, we decide the following issues only to the extent that federal constitutional issues are implicated and we refuse to act as an arm of the Texas Court of Criminal Appeals"). As the district court correctly held, this court holds no supervisory power over state judicial proceedings and may intervene only to correct errors of

---

A: I would have to say "no' sir.

constitutional dimensions. *Smith v. Phillips,* 455 U.S. U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982).

## CONCLUSION

For the foregoing reasons, the decision of the district court is AFFIRMED.