**UNITED STATES of America ex rel.
Bernard ROHRLICH, Petitioner,**

v.

**Honorable Walter M. WALLACK, as
Warden of Wallkill Prison, Wallkill,
New York, Respondent.**

**No. 66 Civ. 317.**

United States District Court
S. D. New York.

March 25, 1966.

---

Anthony F. Marra, New York City, for petitioner; Herbert F. Schwartz, New York City, Joshua N. Koplovitz, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent; Arthur L. Schiff, Asst. Atty. Gen., Michael H. Rauch, Deputy Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner, now serving a sentence as a multiple offender of from fifteen to thirty-five years pursuant to a state court judgment of conviction for robbery in the first degree, charges that it was procured in violation of his federally protected right to due process of law. His essential claim is that he was denied a fundamentally fair trial in that the state prosecution knowingly permitted John Tumminia, a codefendant who had pleaded guilty and was a prosecution witness against petitioner, to testify falsely that no promise of leniency had been made in return for his testimony. Subsequent to petitioner's conviction Tumminia, upon the recommendation of the prosecutor, was allowed to withdraw his previous guilty plea and to plead to a lesser crime. Petitioner here seeks an evidentiary hearing in support of his application for a writ of habeas corpus, at which he intends to question Tumminia, whose testimony was foreclosed upon a state coram nobis proceeding, when Tumminia asserted his privilege against self incrimination.

The petitioner, upon the identical grounds here advanced, instituted a coram nobis proceeding in the state courts and a hearing was held thereon in April 1963. The Assistant District Attorney who prosecuted petitioner testified in denial of the charges that any promises had been made to Tumminia in consideration of his testimony. Tumminia, who had already completed his sentence, was subpoenaed and sworn as a witness. The court advised Tumminia that if his testimony should prove false, it might be used against him, and appointed counsel to represent him. After consultation with the latter, and upon resuming the stand, Tumminia refused

to answer any questions on the ground of self incrimination. The court, in sustaining his claim of privilege, observed that Tumminia faced possible prosecution for perjury if he changed his testimony from that given upon the trial. Petitioner's counsel acquiesced in the explanation and failed to object to the court's ruling.

■ The hearing minutes indicate that neither the court, petitioner's counsel, nor the prosecution took notice that more than five years had passed since Tumminia had testified upon the trial, in which circumstance the statute of limitations having run, his testimony could have been compelled.[1] The state court made its determination without the benefit of Tumminia's testimony, and found that "the defendant failed to sustain his burden of proof." The Appellate Division affirmed,[2] and leave to appeal was denied. The present proceeding was instituted after other habeas corpus petitions in this court seeking relief on other grounds had been dismissed.[3]

Upon the surface it appears that having presented to the state court the identical grounds here advanced to secure his release, petitioner has fully exhausted available state remedies. However, petitioner here seeks to take Tumminia's testimony and to have a determination of the issues made upon a record which would include it, as well as the testimony of the other witnesses in the state coram nobis proceeding. The state does not appear to question petitioner's contention that he was erroneously deprived of Tumminia's testimony when the coram nobis hearing judge upheld the assertion of the claimed constitutional privilege; however, it does press that petitioner's counsel acquiesced in the ruling (which, as already noted, he did after the court's explanation); further, that the point was not raised on appeal. Accordingly, the state urges that petitioner here raises a matter of material substance not previously presented to the state courts; that he is free to seek another coram nobis hearing at which Tumminia's testimony could be compelled unless other legal grounds support his refusal, and none appear; and further, that petitioner's failure to raise and pursue the claim in the state courts as to the erroneous exclusion of Tumminia's testimony was a deliberate bypass of orderly state procedures [4]—a point the court finds without substance.

As to the present availability of a state remedy, petitioner's counsel, upon the argument of this motion, contended that since the basic grounds for relief would be the same as those previously advanced and denied, the policy of the local District Attorney is to resist a second coram nobis application. This court then indicated that, if this were so, it would not subject petitioner to "a revolving door

1. The statute of limitations having run, see N.Y.Code Crim.Proc. § 142, petitioner could not have been prosecuted for perjury committed upon the 1958 trial. See Brown v. Walker, 161 U.S. 591, 598, 16 S.Ct. 644, 40 L.Ed. 819 (1896); People v. Fine, 173 Misc. 1010, 19 N.Y.S.2d 275, 279 (Sup.Ct.1940). Of course, Tumminia could not have used the privilege at the coram nobis hearing as a shield if he contemplated giving false testimony at that hearing. He was under oath there to testify truthfully whether he confirmed or recanted his prior trial testimony. "[T]he immunity afforded by the constitutional guarantee relates to the past and does not endow the person who testifies with a license to commit perjury." Glickstein v. United States, 222 U.S. 139, 142, 32 S.Ct. 71, 73, 56 L.Ed. 128 (1911).

Accord, Kronick v. United States, 343 F.2d 436, 441 (9th Cir. 1965); United States v. Bufalino, 285 F.2d 408, 418 (2d Cir. 1960); United States v. Orta, 253 F.2d 312, 314 (5th Cir.), cert. denied, 357 U.S. 905, 78 S.Ct. 1149, 2 L.Ed.2d 1156 (1958).

2. People v. Rohrlich, 21 A.D.2d 856, 252 N.Y.S.2d 281 (2d Dep't 1964).

3. United States ex rel. Rohrlich v. Fay, 240 F.Supp. 848 (S.D.N.Y.1965). Two earlier denials of petitions for habeas corpus are unreported. United States ex rel. Rohrlich v. Fay, 63 Civil 2546, S.D.N.Y., July 9, 1964; United States ex rel. Rohrlich v. Fay, 62 Civil 3294, S.D.N.Y., Oct. 16, 1962.

4. See Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

process,"[5] and unless assurances were obtained with respect to a further and adequate state hearing, would afford the petitioner an evidentiary hearing in this court on the ground that "the material facts were not adequately developed at the state-court hearing."[6] This court and the petitioner have now been advised by the State Attorney General that "if petitioner were to institute a new action for a writ of coram nobis in the New York state court, and were to argue there that the witness, Tumminia, should not be permitted to avoid testifying by relying on the Fifth Amendment," the hearing would not be opposed.

■■ In view of the serious charge that the prosecution participated in depriving petitioner of his constitutional right to a fair trial, the state courts should be afforded the opportunity to consider and pass upon his claim on the basis of a full record, to include the testimony of Tumminia, the only person in a position to challenge, if at all, the testimony of the Assistant District Attorney who, on the coram nobis proceeding, denied petitioner's charges. The vital significance of Tumminia's testimony is underscored by the fact that in opposing petitioner's prior application, the prosecutor, in addition to the testimony of the Assistant District Attorney, read into the record Tumminia's trial testimony to the effect that no promises of leniency had been made to him. Thus, there was used against petitioner the very testimony he claimed was false, and at the same time he was deprived of the opportunity of showing its claimed falsity.[7] Both the state and the petitioner share responsibility for the error which excluded Tumminia's testimony—the state because of the erroneous ruling by the coram nobis judge; the petitioner because of failure to except thereto, and further, for not preserving the point upon appeal, since despite his failure to except, he was still in a position to present it on appeal.[8] The state here acknowledges that in the appellate courts it was "nowhere argued that the privilege against self-incrimination had been wrongfully invoked" and that both petitioner and the state were "silent on the issue of whether, in fact, Tumminia should have been directed to testify at the hearing." Thus, the state appellate courts were never called upon to pass upon the issue.

Upon the facts here presented it is appropriate the state be afforded the first opportunity to pass upon and consider petitioner's constitutional claim based on a full and adequate record.[9] As this court stated in a somewhat similar situation:

"Where a petitioner's plea attacking the validity of a judgment of conviction is rejected by a State Court upon a record which failed to present all pertinent information bearing on his claim, and subsequently he presents a materially different and stronger evidential case to the Federal Court, the requirement of exhaustion is not met where a State forum is still avail-

5. United States ex rel. Stevens v. McCloskey, 239 F.Supp. 419, 421–422 (S.D.N.Y.), aff'd, 345 F.2d 305 (2d Cir. 1965), rev'd on other grounds sub nom. Stevens v. Marks, 86 S.Ct. 788 (1966).

6. Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963).

7. Cf. Alford v. United States, 282 U.S. 687, 692, 51 S.Ct. 218, 75 L.Ed. 624 (1931); United States ex rel. Coffey v. Fay, 234 F.Supp. 543, 548 (S.D.N.Y.1964), rev'd, 344 F.2d 625 (2d Cir. 1965); Priestly v.

Superior Court, 50 Cal.2d 812, 330 P.2d 39, 43 (1958); People v. McShann, 50 Cal.2d 802, 330 P.2d 33, 37 (1958).

8. See N.Y.Code Crim.Proc. § 527; Peerless Cas. Co. v. Bordi, 6 A.D.2d 21, 174 N.Y.S.2d 489 (3d Dep't 1958); Nicotra v. John Hancock Mut. Life Ins. Co., 268 App.Div. 1004, 51 N.Y.S.2d 953 (2d Dep't 1944).

9. United States ex rel. Tangredi v. Wallack, 236 F.Supp. 205 (S.D.N.Y.1964), aff'd, 343 F.2d 752 (2d Cir. 1965).

able to consider and pass on the additional facts first presented to the Federal Court." [10]

Accordingly, the petition is dismissed for failure to exhaust an available state remedy, but without prejudice to renewal should relief be denied in the state court.[11]

10. United States ex rel. Kessler v. Fay, 232 F.Supp. 139, 142 (S.D.N.Y.1964). Accord, Schiers v. People of State of California, 333 F.2d 173, 175–176 (9th Cir. 1964); United States ex rel. Kulikauskas v. Murphy, 293 F.2d 563, 566 (2d Cir. 1961). Cf. United States ex rel. Kling v. LaVallee, 306 F.2d 199 (2d Cir. 1962).

11. United States ex rel. Tangredi v. Wallack, 343 F.2d 752, 753 (2d Cir. 1965).