### UNITED STATES of America
### v.
### Joseph PONTI.
### Crim. No. 22460.

United States District Court
E. D. Pennsylvania.

Aug. 12, 1966.

Drew J. T. O'Keefe, U. S. Atty., Joseph Reiter, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Lester J. Schaffer, Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, District Judge.

Defendant has been indicted for perjury before a Grand Jury, 18 U.S.C. § 1621, and has moved to dismiss. The indictment charges that the Grand Jury was investigating suspected violations of Title 18 U.S.C. § 1952, relating to interstate travel and transportation in aid of racketeering and that it was material for the Grand Jury to be informed whether a crap game was being conducted on September 3, 1965 at 1237 S. 7th Street, Philadelphia. Ponti was subpoenaed as a witness and testified, in effect, that he was on the premises, but did not shoot crap and saw no crap game going on. He further denied saying to the F.B.I. agents "All I have been getting all day were threes and nines", or anything to that effect. This testimony is the basis of the two count perjury indictment.

Defendant's motion is based on three grounds: (1) that he was not apprised on the nature of the investigation, nor of his right to counsel and his privilege against self-incrimination; (2) that the allegedly perjurious testimony was not relevant or material to the Grand Jury's inquiry; and (3) that the only purpose of calling him as a witness was to secure a perjury indictment against him. Defendant, however, has briefed and argued only the effect of the failure to warn of his privilege and to advise of his right to counsel. We deny the motion.

■■■ There is no doubt that as a witness before the Grand Jury, defendant was enveloped with the protections of the Fifth Amendment. Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110 (1892). But the scope of that Amendment extends only to past acts, not to those that are or may be committed in the future. United States v. Kahriger, 345 U.S. 22, 32, 73 S.Ct. 510, 97 L.Ed. 754 (1952). In Glickstein v. United States, 222 U.S. 139, 32 S.Ct. 71, 56 L.Ed. 128 (1911), the Court said that "* * * the immunity afforded by the constitutional guaranty relates to the past, and does not endow the person who testifies with a license to commit perjury." See also Kronick v. United States, 343 F.2d 436, 441 (C.A. 9, 1965); United States v. Orta, 253 F.2d 312 (C.A. 5, 1958), cert. denied, 357 U.S. 905, 78 S.Ct. 1149, 2 L.Ed.2d 1156 (1958); United States v. Kelley, 254 F.Supp. 9, 13 (S.D.N.Y., 1966). When Ponti appeared before the Grand Jury, he had not yet committed the crime for which he is now indicted. His "* * * criminal liability concurred with the words he first uttered to the * * * Grand Jury." United States v. Parker, 244 F.2d 943, 947 (C.A. 7, 1957), cert. denied, 355 U.S. 836, 78 S.Ct. 61, 2 L.Ed.2d 48 (1957). It is perfectly obvious that this indictment is not based upon evidence of past acts obtained from the mouth of the defendant in violation of Fifth Amendment rights. Instead, it is based on a crime whose very commission, rather than evidence of commission, was the defendant's testimony. We hold that the failure to warn defendant of rights against self-incrimination furnishes no insulation to defendant against a charge of perjury. We are not alone in so holding.

In United States v. Orta, 253 F.2d 312, at page 314 (C.A. 5, 1958), cert. denied, 357 U.S. 905, 78 S.Ct. 1149 (1958), the court said:

"It is clear that the protection of the Fifth Amendment relates to crimes alleged to have been committed before the time when the testimony is sought. A witness, ignorant and uninformed of his constitutional rights, would not intelligently waive them if he testified, thinking that he was compelled to do so. He might answer truthfully and thereafter assert the constitutional guaranty. Under no circumstances, however, could he commit perjury and successfully claim that the Constitution afforded him protection from prosecution for that crime. * * *"

In United States v. Parker, 244 F.2d 943, at page 949 (C.A. 7, 1957), cert.

denied, 355 U.S. 836, 78 S.Ct. 61 (1957), it was said:

"Parker was admonished to speak the truth. To argue, in substance, that if he had been advised of his constitutional right of silence he would not have perjured himself would be unsound, if not absurd. On the other hand if there was a duty to warn Parker, and the failure so to do treated as fatal error, would result, here in a license to commit perjury [sic]. In the setting of this case, based upon the record, we think it insufficiently demonstrated that investigation undertaken by the January, 1955 Grand Jury was aimed at accusing Parker by way of indictment. Consequently it was unnecessary that the federal prosecutors advise him of his constitutional privilege at that time. * * *"

Cf. United States v. Scully, 225 F.2d 113, 116 (C.A. 2, 1955), cert. denied, 350 U.S. 897, 76 S.Ct. 156, 100 L.Ed. 788 (1955); United States ex rel. Rohrlich v. Wallack, 251 F.Supp. 1009, 1011 ft.nt. 1 (S.D.N.Y., 1966).

Defendant seeks to avoid the impact of these decisions with the argument that since they were decided,[1] there is a "doctrinal trend" [see United States v. Grunewald, 233 F.2d 556, 576 (C.A. 2, 1956) (Frank, J., dissenting), rev'd, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957)] in Supreme Court decisions which should induce us to disregard their authority. We do not agree. Both Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and its successor, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were concerned with the admissibility of evidence. They hold only that evidence which has been illegally (unconstitutionally) obtained may not be used as a basis for conviction. They do not compel, or even suggest, the conclusion that perjury is now a permissible crime where constitutional rights may have been violated. In United States v. Winter, 348 F.2d 204 (C.A. 2, 1965), cert. denied, 382 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360 (1965), the defendant argued that he had not been advised of his right to consult with counsel before testifying before a Grand Jury. In affirming the conviction for perjury, the Court said, 348 F.2d at pages 208–209:

"It is one thing to say that testimony compelled from a grand jury witness who has been denied his right to counsel may not be used to secure his indictment or conviction either for the crimes being investigated or for those revealed during the course of his testimony. Exclusion of such testimony does not preclude reindictment and prosecution on the basis of untainted evidence, thus affording an opportunity to vindicate the public interest. It is an entirely different proposition, however, to say that such a witness may with absolute impunity proceed to perjure himself in the hope of avoiding the return of a True Bill. Such a rule would degrade the oath and have the effect of conferring permanent immunity on the perjurer. * * *"

"When one undertakes to cheat the Government or to mislead its officers, or those acting under its authority, by false statements, he has no standing to assert that the operations of the Government in which the effort to cheat or mislead is made are without constitutional sanction." Kay v. United States, 303 U.S. 1, 6, 58 S.Ct. 468, 471, 82 L.Ed. 607 (1938). Quoting this language with approval in Dennis et al. v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (June 20, 1966), Mr. Justice Fortas continued (384 U.S. at 866, 86 S.Ct. at 1847, 16 L.Ed.2d at 981):

" * * * Analogous are those cases in which prosecutions for perjury have been permitted despite the fact that the trial at which the false testimony was elicited was upon an indictment stating no federal offense (United States v. Williams, 341 U.S. 58, 65–69, 71 S.Ct. 595, 599–601, 95 L.Ed. 747

1. Although see United States ex rel. Rohrlich v. Wallack, supra.

928

[752–754]); that the testimony was before a grand jury alleged to have been tainted by governmental misconduct (United States v. Remington, 208 F.2d 567, 569 (C.A. 2d Cir. 1953), cert. denied, 347 U.S. 913, 74 S.Ct. 476, 98 L.Ed. 1069); or that the defendant testified without having been advised of his constitutional rights (United States v. Winter, 348 F.2d 204, 208–210 (C.A. 2d Cir. 1965), cert. denied, 382 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360, and cases cited therein. * * *"

■ Truthful testimony, even though later held constitutionally infirm, is the very cornerstone of an " * * * accusatorial rather than an inquisitorial system of criminal justice * * *", Murphy v. Waterfront Commission of New York Harbor, 378 U.S. 52, 55, 84 S. Ct. 1594, 1597, 12 L.Ed.2d 678 (1964). In United States v. Williams, 341 U.S. 58, 68, 71 S.Ct. 595, 600 (1951), the Court said, of 18 U.S.C. § 1621:

" * * * Here, however, we have a federal statute enacted in an effort to keep the course of justice free from the pollution of perjury. * * * The effect of the alleged false testimony could not result in a miscarriage of justice in this case but the federal statute against perjury is not directed so much at its effects as at its perpetration; at the probable wrong done in the administration of justice by false testimony. That statute has led federal courts to uphold charges of perjury despite arguments that the federal court at the trial affected by the perjury could not enter a valid judgment due to lack of diversity jurisdiction, or due to the unconstitutionality of the statute out of which the perjury proceedings arose. * * *"

■ We express no opinion on whether evidence of a past crime obtained from a Grand Jury witness in the face of a failure to warn of rights to counsel and against self-incrimination would be admissible, or could form the basis of an indictment.[2] What we do say is that we discern no "decisional trend" to palliate the therapeutic effect of the perjury statute on the administration of justice. Rather we see continued adherence to the notion that a cheat or a perjurer has no standing to question the constitutionality of the Government's operation in which the effort to cheat or mislead is made. We therefore reject defendant's argument that the indictment should be dismissed because of the failure to warn of either Fifth or Sixth Amendment rights.

The other reasons advanced for dismissal are without merit and require no discussion.

The motion to dismiss is denied. It is so ordered.

2. Cf., however, United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966).