**UNITED STATES of America,**

v.

**Adam DiMICHELE, Appellant.**

**No. 16280.**

United States Court of Appeals Third Circuit.

Argued March 9, 1967.

Decided May 3, 1967.

Lester J. Schaffer, Philadelphia, Pa., for appellant.

Joseph H. Reiter, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, HASTIE and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellant was convicted of perjury arising out of his testimony while appearing as a witness before a federal grand jury which was investigating suspected violations of Title 18 U.S.C. § 1952 relating to interstate travel and transportation in aid of racketeering. The indictment of appellant charged that it was material to said investigation that the grand jury should know and be informed with respect to a "crap game which was being conducted on the premises of 1237 South 7th Street, Philadelphia, on Sunday, September 5, 1965, and whether Adam DiMichele had knowledge of any such violation."

On September 5, 1965 Federal Bureau of Investigation Agents, having search, seizure and arrest warrants, raided a gambling game operating at 1237 South 7th Street, Philadelphia, allegedly in violation of Title 18 U.S.C. § 1952, Interstate Transportation in Aid of Racketeering Enterprises. During the raid appellant was seen leaving the said place

through a back window which led to a sloping roof. Eventually he worked his way into and through a house on the next street where he was met by F.B.I. Agents. At that time he was fully advised of his right to remain silent and to counsel. Appellant told the Agents he had been in the place when it was raided and described his departure. He was then given a subpoena to appear before a federal grand jury fifteen days later. He did appear, was sworn to tell the truth, denied his presence in the gambling place and that he had so admitted to the Agents. He also denied that when he had heard the F.B.I. Agents at the front door of 1237 South 7th Street he left the scene by going through a house on Sheridan Street which was directly behind 1237 South 7th Street. He did not testify at the trial or offer any defense evidence. He was convicted and placed on probation.

Appellant's entire argument is based upon the theory that the law should be changed to provide that a witness before a grand jury must be warned of his right to counsel and of his right against self incrimination. There was no denial at trial or any other time that, prior to appellant being served with a subpoena to testify, he was specifically advised that he had the right to remain silent and the right to counsel. He actually had over two weeks after that in which to consult an attorney if he had so desired. All of the above is simply ignored by appellant and he confines himself to the contention that he received no warnings of any kind *when* he appeared before the grand jury. He substantially concedes, as is the fact, that under the existent law a grand jury witness, which is all that appellant was, is not entitled to a warning of right to counsel and to remain silent. United States v. Miller, 80 F.Supp. 979 (E.D. Pa.1948); United States v. Ponte, 257 F.Supp. 925 (E.D.Pa.1966); United States v. Scully, 225 F.2d 113, 116 (2 Cir. 1955); United States v. Parker, 244 F. 2d 943 (7 Cir. 1957); United States v. Orta, 253 F.2d 312 (5 Cir. 1958); United States v. Winter, 348 F.2d 204 (2 Cir.

1965). There is no charge of fraud or duress here nor do we find the slightest indication of any such element in our own examination of the record.

The Government also strongly urges that the failure to advise a witness in the grand jury room of the right to silence and counsel in any event would not be a valid defense to a perjury charge. In this appeal there is no necessity of examining and passing upon that proposition. We refrain from so doing at this time.

The judgment of the District Court will be affirmed.