**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph BARSON, Defendant-Appellant.**

**No. 26660.**

United States Court of Appeals, Fifth Circuit.

March 1, 1971.

Rehearing Denied April 16, 1971.

———◆———

Daniel S. Pearson, Robert C. Josefsberg, Pearson & Josefsberg, P. A., Miami, Fla., for defendant-appellant.

William A. Meadows, Jr., U. S. Atty., by Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before PHILLIPS *, BELL and SIMPSON, Circuit Judges.

PER CURIAM:

In an opinion dated November 6, 1970, United States v. Barson, 5 Cir. 1970, 434 F.2d 127, we remanded this case to the district court for the limited purpose of conducting an adversary hearing to determine whether or not the appellant was prejudiced by the refusal of the district court to order production of the grand jury testimony of two government witnesses, Norman Rachlin and Laurant Wheldon, for purposes of cross-examination at trial. In accordance with that mandate, the district court ordered production of the grand jury testimony of the witnesses, and, after notice, conducted such an adversary hearing on January 6, 1971. In an order dated January 22, 1971, the district court concluded that no prejudice had resulted to the appellant from the failure at trial to order production of the testimony for inspection and possible use by appellant.

The district court has certified to us a copy of the transcript of the hearing, together with a copy of that court's findings of fact and conclusions of law. We append the findings and conclusions to this order as Appendix A.

We have carefully reviewed the transcript of the hearing before the district court, and are convinced that the record amply supports the district court's findings and conclusions that no prejudice resulted to the appellant. The conviction of Joseph Barson is accordingly

Affirmed.

### APPENDIX A

(Title and Heading omitted)

Pursuant to the mandate of the United States Court of Appeals for the Fifth Circuit, this Court has conducted an evi-

* Honorable Orie L. Phillips of the Tenth Circuit, sitting by designation.

dentiary hearing, after notice to the parties, to determine whether prejudice resulted to appellant Joseph Barson from lack of opportunity to use at trial the grand jury minutes of Government witnesses, Norman Rachlin and Laurent Wheldon. Pursuant also to said mandate, this Court entered an Order, dated November 9, 1970, requiring the United States Attorney to deliver to appellant Joseph Barson and his attorney copies of the grand jury testimony of the witnesses Rachlin and Wheldon, and thereafter requiring appellant to file a statement specifying instances of prejudice resulting from lack of opportunity to use said grand jury testimony, and also requiring the United States Attorney to file a reply to appellant's statement, and pursuant to said order, the parties have filed their respective statements. Attached to the Government's reply statement were two reports of interview of Rachlin by FBI Agent Wheldon, dated January 12, 1966, and February 7, 1968, respectively, which the Government contends were delivered to defense counsel during the trial as part of the Jencks materials. Appellant admits to having received at trial the report dated January 12, 1966, but denies having received the other. It appears from the statements filed herein that the Government, pursuant to the Order of this court, dated November 9, 1970, turned over to appellant's counsel the grand jury testimony of Rachlin and Wheldon, dated December 1, 1966, and September 13, 1967, which said testimony had been transcribed prior to trial. Pursuant also to said Order, the Government turned over to appellant's counsel grand jury testimony of Wheldon, dated November 9, 1966, which said testimony had not been previously transcribed.

The Court, having now conducted an evidentiary hearing at which appellant was present in person and by counsel, having considered the testimony and argument offered at said hearing, having considered the trial testimony of the witnesses Rachlin and Wheldon as well

as having examined the transcripts of said witnesses' grand jury testimony, having considered the statements and responses filed herein by the parties, as well as the aforesaid interview reports of Rachlin and Wheldon, and being otherwise fully advised in the premises, now finds and concludes:

1. No inconsistency appears between the testimony of the witnesses Rachlin and Wheldon given at trial and the testimony which they gave before the grand jury with respect to any material matter in the instant cause.

2. Said finding applies equally to the grand jury testimony of Wheldon, dated November 9, 1966, even assuming the government had any obligation to transcribe and turn over said testimony.

3. Even accepting appellant's contention that he did not receive at trial the Rachlin interview report, dated February 7, 1968, he was not thereby prejudiced, for the material covered therein was substantially covered in the Rachlin interview report, dated January 12, 1966, and moreover did not relate to the subject matter of Rachlin's trial testimony. See Title 18, United States Code, Section 3500.

4. The Rachlin interview report, dated January 12, 1966, copy of which appellant agrees he had at trial, covered substantially the subject matter of Rachlin's trial testimony.

Accordingly, the Court concludes that by virtue of the foregoing no prejudice resulted to Joseph Barson from the lack of opportunity to use at trial the transcripts of the grand jury testimony of Rachlin or Wheldon.

Wherefore, the Court orders that the foregoing findings and conclusions together with transcript of the evidentiary hearing, together with the statements and responses made by the parties pursuant to Order of this Court, be transmitted forthwith to the United States Court of Appeals for the Fifth Circuit

**130**

together with the certificate of this Court.

Done and ordered at Miami, Florida, this 22nd day of January, 1971.

W. MEHRTENS

United States District Judge