Frank Composto, J.
The Grand Jury of the County of Kings was conducting an investigation of the death of one Joseph Talerico in the Brooklyn House of Detention. In the course of this investigation many witnesses, including correction officers and inmates were subpoenaed to give testimony. One such witness was the defendant, a correction officer in said prison. As a consequence of his testimony the defendant was indicted for perjury.
The defendant moves to suppress his testimony before the Grand Jury on the grounds that (1) he was not advised that any testimony he gave could be used against him, (2) he was never *640 advised that he had a right to counsel or that if he could not afford counsel, counsel would be assigned to him and (3) he was not advised that if he gave testimony which was not true, he could be indicted for perjury. In short, the defendant claims that he was entitled to those Miranda warnings (Miranda v. Arizona, 384 U. S. 436) as though he had been in the custody of the police in the accusatory stage of an investigation. It has been stipulated in lieu of a hearing that the Miranda warnings were not given to the defendant prior to or during his testimony before the Grand Jury. The defendant was not granted immunity. It is not asserted that the defendant claimed the privilege against self incrimination or refused to answer when questioned by the Grand Jury.
It is now well settled that a witness when he appears before a Grand Jury is not entitled to the warnings of the right to counsel and of his right against self incrimination and the failure to give the witness such warnings, even when he is a target of the investigation, does not bar a perjury prosecution for false testimony before the Grand Jury. (Robinson v. United States, 401 F. 2d 248 ; United States v. DiMichele, 375 F. 2d 959, cert. den. 389 U. S. 838 ; United States v. Winter, 348 F. 2d 204, cert. den. 382 U. S. 955 ; United States v. Orta, 253 F. 2d 312, cert. den. 357 U. S. 905 ; United States v. Parker, 244 F. 2d 943, cert. den. 355 U. S. 836 ; United States v. Ponti, 257 F. Supp. 925.)
The defendant’s motion to suppress his Grand Jury testimony is based on the argument that the absence of the warnings violated his constitutional rights, tainted the Grand Jury testimony and made it inadmissible for the purpose of proving on a trial for perjury, that his testimony was false. In Robinson v. United States, (supra, p. 251) the court answered that contention: “ The theory of the defendant’s contention is so elusive that it is difficult to write about it. It is a really a tour de force, rather than a reasoned conclusion. It requires, sub silentio, an assumption that there is a duty upon the government to have an observer present at all trials to give a specific warning to any witness who, it is thought, may perjure himself, that if he does perjure himself, he may be prosecuted.”
The defendant as a witness before the Grand Jury was entitled to the protection of the Fifth Amendment. (Counselman v. Hitchcock, 142 U. S. 547.) But the privilege against self incrimination relates to past criminal acts and not to future acts such as perjury which the Grand Jury charged the witness committed in the testimony which he gave. (Glickstein v. United States, 222 U. S. 139, 142.)
*641 In People v. Tomasello (21 N Y 2d 143) it was held that even where a witness is a “ target ” of a Grand Jury investigation, even if not a mere witness, he is not immune from prosecution for perjury if his current testimony is willfully false. The court further stated that while a “ target ” witness enjoyed the benefit of immunity forbidding the use of his compelled statements and any “ fruits ” of this testimony in a prosecution for a previously committed crime, it did not follow he was also licensed to commit perjury before the Grand Jury. If this defendant as a public employee signed a waiver of immunity, it was held in People v. Goldman (21 N Y 2d 152) that the waiver would be void under Garrity v. New Jersey (385 U. S. 493) and would not prohibit him from claiming his privilege with respect to a substantive crime. But this rule would not prevent him from being legally sworn and compelled to testify and he could be prosecuted for any perjurious testimony. The failure to warn the defendant of his right against self incrimination furnishes no insulation to the defendant as against a charge of perjury.
The case of United States v. Ponti (supra) is in point. In that case which involved a charge of perjury committed by the defendant as a witness before a Grand Jury, the court specifically rejected the same arguments advanced by this defendant. With respect to the defendant’s claim that he was not advised of his right to counsel, the court quoted from United States v. Winter (supra, pp. 208-209) where the court said: “It is one thing to say that testimony compelled from a grand jury witness who has been denied his right to counsel may not be used to secure his indictment or conviction either for the crimes being investigated or for those revealed during the course of his testimony. Exclusion of such testimony does not preclude reindictment and prosecution on the basis of untainted evidence, thus affording an opportunity to vindicate the public interest. It is an entirely different proposition, however, to say that such a witness may with absolute impunity proceed to perjure himself in the hope of avoiding the return of a True Bill. Such a rule would degrade the oath and have the effect of conferring permanent immunity on the perjurer.”
The doctrine of Miranda v. Arizona (384 U. S. 436) requires that at the time a person is taken into custody or otherwise deprived of his freedom, he must be given the warnings. This is because of the compelling atmosphere inherent in the process of in-custody interrogation. Self incriminating evidence as to a past crime given by a person in custody without warning of his right to be silent and right to counsel is inadmissible and *642 it matters not that he is in custody on a charge other than the very case under investigation since the Miranda rule is not based on the reason why the person is in custody. (Mathis v. United States, 391 U. S. 1.) The defendant does not claim that he was in custody or deprived of his freedom. Rather he says that there was duress because a superior directed him to appear before the Grand Jury. As a public employee he could be compelled to give testimony with ‘ ‘ frankness and candor ’ ’ and truthfulness concerning his official acts even though his testimony would be the product of “ duress ” subject to his right not to incriminate himself. (Matter of Gardner v. Broderick, 20 N Y 2d 227.) The argument that a witness before the Grand Jury, pursuant to a subpoena, is under compulsion similar in all respects to the compulsion of being in custody of the police as a suspect upon whom the investigation has focused was rejected in Robinson v. United States (supra, p. 251).
The defendant relies on People v. Ianniello (21 N Y 2d 418) in which it was held that in a proper case, as a matter of fairness, a witness before a Grand Jury must be given the right to leave the Grand Jury room to consult with his lawyer concerning any testimonial privileges, or his privilege against self incrimination or the obtaining of transactional immunity. This defendant made no request to see his lawyer for counseling concerning his legal rights. Ianniello (supra) does not hold that a witness before the Grand Jury must be first advised before testifying of his right not to incriminate himself or his right to counsel. There is “ no ‘ decisional trend ’ to palliate the therapeutic effect of the perjury statute on the administration of justice ”. (United States v. Ponti, supra, p. 928.)
A Grand Jury proceeding is an investigation rather than a prosecution (People v. Ianniello, supra), and a witness before the Grand Jury has no constitutional right to be represented by counsel. (Matter of Groban, 352 U. S. 330, 333.) The Supreme Court in Miranda expressly recognized that it did not intend to preclude the police (here the Grand Jury) from asking questions of material witnesses who are not in custody without giving the warnings. (People v. Yukl, 25 N Y 2d 585, 588.) The Miranda warnings need not be given when a case is still in the investigational stage and the defendant is not in custody or under arrest at the time. (People v. Brosnan, 31 A D 2d 975.)
Finally, the argument of the defendant that he should have been advised that if he gave false testimony he could be indicted for perjury is without merit. There was no duty upon the *643 District Attorney t<j caution him to testify truthfully. When a witness has been sworn to tell the truth there is no requirement to warn him against committing perjury. (United States v. Winter, supra, p. 210.)
The motion to suppress is denied without further hearing.