**UNITED STATES**
**v.**
**Forest McGINNIS.**
**Crim. No. 71-H-378.**

United States District Court,
S. D. Texas,
Houston Division.
May 15, 1972.

Anthony J. P. Farris, U. S. Atty.,
Hays Gorey, Jr., Sp. Atty., U. S. Dept.
of Justice, Carl Walker, Jr., Asst. U. S.
Atty., Houston, Tex., for plaintiff.

Morton L. Susman, Susman & Mc-
Kissick, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

This case was filed after a supersed-
ing indictment had been returned
against the defendant, which indictment
was substantially similar to the original
indictment in an action of the same
style, Criminal No. 71–H–204. Pursuant
to Court Order of January 4, 1972, all
Orders, Motions, Memoranda and Sub-
poenas heretofore filed in Criminal No.
71–H–204 were deemed to have been
filed and have the same force and effect
as if filed in the instant action. This
case is now before the Court on consid-
eration of such Motions, and of Motions
subsequently filed in Criminal No. 71–
H–378.

Defendant has filed a lengthy discov-
ery motion in Criminal No. 71–H–378
which is materially the same as the pre-
vious discovery motion, and in large
part requests information which the
government has no objection to supply-
ing. The government has agreed, upon
Order of this Court, to make disclosure
as to information requested in parts II,
III and V to the extent that the govern-
ment now is in possession of such infor-
mation or will in the future become pos-
sessed of such information. According-
ly, defendant's Motion for Discovery,
parts II, III and V, is granted. Part I,
to the extent that it requests discovery
of the defendant's own testimony before

the Grand Jury has already been granted by Order of this Court, November 22, 1971.

■■ Part I of defendant's motion, as it pertains to testimony of witnesses before the Grand Jury other than the defendant himself, must be denied. It is true that the defense is entitled to the Grand Jury's minutes of a witness' testimony after the jury's functions are ended, but only upon a showing of particularized need, Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); James v. United States, 416 F.2d 467, 476 (5th Cir. 1969), cert. denied, 397 U.S. 907, 90 S.Ct. 902, 25 L. Ed.2d 87 (1970); Posey v. United States, 416 F.2d 545, 557 (5th Cir. 1969), cert. denied, Snowden v. U. S., 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127, reh. denied, 397 U.S. 1031, 90 S.Ct. 1267, 25 L.Ed.2d 544 (1970); White v. United States, 415 F.2d 292, 294 (5th Cir. 1969), cert. denied, 397 U.S. 993, 90 S.Ct. 1128, 25 L.Ed.2d 400 (1970); Stassi v. United States, 401 F.2d 259, 265 (5th Cir.), vacated and remanded on other grounds sub nom., Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969). Thus, when a request is made during the course of trial for the purposes in cross-examination of a witness of impeachment, testing credibility or refreshing recollection, the Courts have found a sufficient showing of particularized need. *See* the cases cited *supra.*

But it is also true that the courts recognize a "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts," Dennis v. United States, 384 U.S. 855, 86 S. Ct. 1840, 16 L.Ed.2d 973 (1966); United States v. Proctor & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). Thus, in Cargill v. United States, 381 F.2d 849, 853 (10th Cir. 1967), a perjury case, the court denied pre-trial motions seeking the production of the Grand Jury proceedings of several witnesses, where the requests were in most general terms, would have required broad pre-trial discovery, and where

such requests were based only on the assertion that "such disclosure would serve the ends of justice or aid in the preparation for trial."

The Fifth Circuit Court of Appeals views discovery of Grand Jury testimony as governed by Rule 6(e) Fed.R. Crim.Proc., James v. United States, 416 F.2d 467, 476 n. 1 (5th Cir. 1969), cert. denied, 397 U.S. 907, 90 S.Ct. 902, 25 L. Ed.2d 87 (1970), which rule permits the court, in its discretion, to order disclosures "preliminary to or in connection with a judicial proceeding." However, this Court of Appeals also makes it perfectly clear that a showing of particularized need is a prerequisite to breaching the secrecy of the Grand Jury minutes, particularly where the request is made prior to trial. *Id.*; United States v. Barson, 434 F.2d 127, 129 (5th Cir. 1970), aff'g the decision on remand, 439 F.2d 128 (5th Cir. 1971); United States v. Anzelmo, 319 F.Supp. 1106, 1128 (E. D.La.1970).

Defendant has not shown such a particularized need for "copies of said Grand Jury testimony well in advance of trial" by alleging a generalized credibility problem, and the need for trial preparation. Brady v. Maryland, 372 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) is not controlling on this issue except as to the production "of evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment . . . ." 372 U.S. at 87, 83 S.Ct. at 1196. In its reply to defendant's motion for discovery, counsel for the government recognizes the obligations imposed by the *Brady* decision, and states that "[p]rior to trial, such evidence, if any, will be disclosed to the defendant." Accordingly, and except as noted herein, defendant's motion for discovery, Part I, is denied, *see* United States v. Cobb, 271 F.Supp. 159, 163 (S. D.N.Y.1967).

■ Having considered Part IV of defendant's motion, the Court believes the request for papers, documents and tangible objects in the possession of or reasonably available to the government,

to the extent that such items include the papers, documents and tangible objects of Harry M. Carlton, should be granted. These records are of doubtless materiality to the preparation of the defense in this case, and are entirely reasonable for production. With the exception of the above noted material, defendant's requests under Part IV of his motion for discovery are denied, inasmuch as the blanket request made makes no attempt at a showing of materiality or reasonableness. The Court does not imply by this ruling that further discovery will not be ordered pursuant to a specific request and a showing of materiality.

■ Defendant has also requested an evidentiary hearing on the matters raised by his motion for discovery. Such request is denied.

■ Defendant has filed a motion to dismiss the indictments, alleging first, that the statute under which defendant stands indicted, 18 U.S.C. § 1623, is unconstitutional, and second, that the indictment does not state an offense against the laws of the United States.

Section 1623 of Title 18, United States Code, specifically eliminates the "two-witness rule" which is deeply rooted in history and which bars conviction for perjury *solely upon the evidence of a single witness.* It is urged that, to submit defendant to possible conviction for perjury on the uncorroborated testimony of one witness is to deny such defendant his right to a fair trial and to due process of law. The Supreme Court case of Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495 (1945), has been urged *in support of this contention.*

This Court finds no basis for holding Section 1623 of Title 18, in whole or in part, to be unconstitutional. The *Weiler* case does not require such a result. In fact, although the Supreme Court declined to abandon the two-witness rule, the decision was not without equivocation. The Court reasoned that (1) since there was an absence of legislation in derogation of such rule and (2) since the rule could not be rejected as wholly unreasonable, a decision to discard the rule should not be made:

> Whether it [the rule] logically fits into our testimonial pattern or not, the government has not advanced sufficiently cogent reasons to cause us to reject the rule.

323 U.S. at 609, 65 S.Ct. at 550. It is critical to note that, nowhere in the opinion, did the Court find that the two-witness rule was constitutionally required.

Section 1623(e) provides that "proof beyond a reasonable doubt under this section is sufficient for conviction. It shall not be necessary that such proof be made by any particular number of witnesses or by documentary or other type of evidence." Thus, this Court is given, by Congressional mandate, a sound basis for upholding the elimination of the two-witness rule such as was lacking in the *Weiler* decision.

■ Defendant urges as a second ground for dismissal of the indictment the proposition that the indictment does not state an offense against the laws of the United States. The Fifth Paragraph of the indictment charges that the testimony of the defendant set out in the Fourth Paragraph was false in that the $3,000 check in question "was not issued in order to repay a loan made to Harry M. Carlton by FOREST McGINNIS." The question thus presented in the defendant's motion is whether defendant's testimony permits the inference which the indictment charges was false, i. e., that the check was issued in repayment of a loan.

A number of courts have dealt with the problems raised by vague terms, equivocal questions and non-responsive answers. The danger, of course, is that a non-responsive answer may reflect a misunderstanding, not perjury, United States v. Cobert, 227 F.Supp. 915, 919 (S.D.Cal.1964), or may represent only a gratuitous falsehood, rather than a willful and false material declaration, United States v. Sweig, 316 F.Supp. 1148, 1164 (S.D.N.Y.1970), aff'd, 441 F.2d 114 (2d

Cir.), cert. denied, 403 U.S. 932, 91 S.Ct. 2256, 29 L.Ed.2d 711 (1971).

An understanding of the principles to be applied in determining the sufficiency of the indictment can be obtained in related cases. In United States v. Cobert, 227 F.Supp. 915 (S.D.Cal.1964), the court dismissed the indictment because the term used by the questioner was so vague as to be misunderstood by the defendant. The court stated:

[T]he test which is applied in such cases is neither wholly objective, nor wholly subjective. It would seem that the meeting of minds is the most important thing. Usually the words used are of such well known content that it will be quite apparent that the questioner and answerer understood each other. But, even if this would not be objectively obvious, if from the face of the indictment it appears that the minds of the questioner and answerer did, in fact, meet on the definition of the words used, the indictment will not be too vague.

227 F.Supp. at 918. A later case, United States v. Bronston, 326 F.Supp. 469 (S.D.N.Y.1971) is even more informative. In that case the following questions and answers were made the subject of one count of a perjury indictment:

(1) Q. Do you have any bank accounts in Swiss banks, Mr. Bronston?

A. No, sir.

(2) Q. Have you ever?

A. The company had an account there for about six months, in Zurich.

326 F.Supp. at 470. The court found that the question was in plain unambiguous language and that the reply, although evasive and technically truthful, clearly inferred material which was false. Thus, the court found that "although a truthful and responsive answer may not be perjurious, a technically truthful but unresponsive one may," 326 F.Supp. at 472. However, to dispel any questions in this regard, the court noted that the jury should be instructed as to the potential problems of assessing a non-responsive answer in a perjury trial. *Id.*

The Court of Appeals for the Second Circuit, in affirming the District Court's opinion, reiterated the propriety of allowing the jury to weigh language which might by inference contain a false material declaration:

Here the question unambiguously asked Bronston simply to state whether he had ever had a Swiss bank account. Yet Bronston answered that "[t]he company" had had an account in Zurich for six months. While that much of the answer was literally true, the jury was entitled to find that the answer as given was intended to represent that Bronston personally did not have such an account.

For the purposes of 18 U.S.C. § 1621, an answer containing half of the truth which also constitutes a lie by negative implication, when the answer is intentionally given in place of the responsive answer called for by a proper question, is perjury.

United States v. Bronston, 453 F.2d 555, 558–559 (2d Cir. 1971).

The case before us is directly analogous to the *Bronston* decision. This Court believes, as in *Bronston*, that the indictment is sufficient, and accordingly, defendant's motion to dismiss is denied.

Finally, defendant has urged his motion to suppress, alleging that his constitutional rights were violated at a Grand Jury proceeding because he was not advised of his right to remain silent and his right to counsel and because he was not given a warning that anything he said could be used against him. The Court finds the claim presented by this motion to be non-meritorious for two reasons:

First, in replying to defendant's motion to suppress, the government specifically states that such warnings were given. These warnings, then, should appear in the transcript of defendant's Grand Jury testimony which has been

supplied to him pursuant to the order of this Court.

■ Second, the defendant, at the time he appeared as a witness before the Grand Jury, had no right to receive *Miranda* warnings. The government's reply brief ably sets out the proper rule as to whether and in what instances *Miranda* applies to the testimony of a witness before the Grand Jury. The Court sees no need for a laborious and detailed tracing of that authority, inasmuch as the Court finds that the defendant herein was not a probable or putative defendant at the time his testimony was given, and further finds that he was not subject to a custodial interrogation of the type giving rise to the requirements set out in *Miranda*, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *See, e. g.*, Cardarella v. United States, 375 F.2d 222, 226 n. 2 (8th Cir.), cert. denied, 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967).

■■ The defendant was not indicted for any crime which the Grand Jury had under investigation. He appeared before the Grand Jury on October 26, 1970, and was indicted on July 22, 1971, for false declarations in his earlier testimony. As reflected in the indictment, the Grand Jury was conducting an investigation to determine possible violations of 18 U.S.C. § 1954 involving kickbacks to pension fund trustees. Specifically, the investigation had focused upon a loan of $85,000 from the Pipefitters Local 211 Pension Fund, an employee benefit plan with which the government had no reason to believe defendant had any significant relationship. The defendant was subpoenaed because of a belief that his testimony could be useful in an investigation entirely unrelated to his perjury. Thus, defendant falls within the purview of a well established rule of law, that a Grand Jury witness is not entitled to a warning of right to counsel and to remain silent, United States v. DiMichele, 375 F.2d 959, 960 (3d Cir.), cert. denied, 389 U.S. 838, 88 S.Ct. 54, 19 L.Ed.2d 100 (1967). The government's failure to give *Miranda* type warnings to a Grand Jury witness, even one as to whom the proceedings have become accusatory, does not bar a perjury prosecution for false testimony before the Grand Jury, United States v. DiGiovanni, 397 F.2d 409, 412 (7th Cir. 1968), cert. denied, 393 U.S. 924, 89 S. Ct. 256, 21 L.Ed.2d 260 (1968). Accordingly, defendant's motion to suppress and his request for a hearing on such motion are denied.