**UNITED STATES of America**

v.

**James Kenneth HAMILTON.**

**Crim. A. No. 72–58.**

United States District Court,
W. D. Pennsylvania.

Oct. 3, 1972.

Henry Barr, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Thomas R. Ceraso, Greensburg, Pa., for defendant.

## MEMORANDUM and ORDER

McCUNE, District Judge.

Petitioner, James Kenneth Hamilton, was convicted in this court on two counts of an indictment charging him with making false declarations before a Grand Jury in violation of 18 U.S.C. § 1623. The case is now before the court on motions for a new trial and in arrest of judgment.

Hamilton was called to testify before the Federal Grand Jury at Pittsburgh, Pa. on January 25, 1972, concerning his previous conversations with FBI agents regarding his involvement in a plan to steal a valuable shipment of tungsten carbide powder. The powder had been stolen and shipped overseas. The Grand Jury was investigating the theft. According to the indictment Hamilton had told FBI agents that he had been one of the persons who had planned the theft but had later backed out and had not actually participated in the theft. However, when questioned by the Grand Jury about his statements to the FBI agents he denied that he had ever told them he had planned the crime.

At trial the government presented two FBI agents who testified that Hamilton told them of his participation in planning the theft. Hamilton took the stand in his own behalf and gave the same testimony he gave to the Grand Jury—he denied ever having made such statement to the FBI agents. The court, interpreting § 1623 to abolish the two-witness rule in all perjury cases, charged the jury that if they believed both or either of the FBI agents Hamilton could be found guilty of perjury. (Of course the usual charge was given that the jury must acquit unless conviction was based on a finding that defendant was guilty beyond a reasonable doubt).

Hamilton contends that the court's interpretation of § 1623 was error. He contends that the statute was intended to abolish the two-witness rule only where both of two or more inconsistent statements were made under oath. The government, on the other hand, argues that the two-witness rule does not apply at all to prosecutions under § 1623.

Title 18 U.S.C. § 1623 provides, in pertinent part:

"(a) Whoever under oath in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, record-

ing, or other material, knowing the same to contain any false material declaration, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

\*　　\*　　\*　　\*　　\*　　\*

"(c) An indictment or information for violation of this section alleging that, in any proceedings before or ancillary to any court or grand jury of the United States, the defendant under oath has knowingly made two or more declarations, which are inconsistent to the degree that one of them is necessarily false, need not specify which declaration is false if—

(1) each declaration was material to the point in question, and

(2) each declaration was made within the period of the statute of limitations for the offense charged under this section.

In any prosecution under this section, the falsity of a declaration set forth in the indictment or information shall be established sufficient for conviction by proof that the defendant while under oath made irreconcilably contradictory declarations material to the point in question in any proceeding before or ancillary to any court or grand jury. It shall be a defense to an indictment or information made pursuant to the first sentence of this subsection that the defendant at the time he made each declaration believed the declaration was true.

\*　　\*　　\*　　\*　　\*　　\*

"(e) Proof beyond a reasonable doubt under this section is sufficient for conviction. It shall not be necessary that such proof be made by any particular number of witnesses or by documentary or other type of evidence." Title 18 U.S.C. § 1623.

It is clear, of course, from the language of the statute and from the legislative history [1] that Congress intended § 1623 to abolish the two-witness rule in perjury cases where both of two or more inconsistent statements were made under oath. It makes sense that in such situations the government should be able to prove perjury by merely showing that both statements were made without having to comply with the two-witness rule to prove one of the two statements must have been false. Plainly, one or the other is perjurous.

The language of the statute also makes it obvious to us that Congress intended to abolish the two-witness rule where, as here, only one of the allegedly inconsistent statements was made under oath.[2] Subsection (a) very clearly states that it is a violation of the section to make "any false material declaration" under oath. Subsection (e) then indicates that in proving a violation of subsection (a) the government need not produce "any particular number of witnesses" so long as guilt is proved "beyond a reasonable doubt." On its face, then, the statute quite plainly abolishes the two-witness rule for proving perjury in "one statement" cases.

Therefore, petitioner's motions for new trial and for arrest of judgment shall be and hereby are denied. The conviction is affirmed. It is so ordered.

---

1. 1970 U.S.Code Cong. and Adm.News, p. 4007.

2. Although the statutory language seems, to us, to be clear evidence of the Congress' intent to abolish the two-witness rule in "one statement" cases, there is no discussion of this question in the Legislative history. The only reported case construing § 1623 which our research has discovered, United States v. McGinnis, 344 F.Supp. 89 (S.D.Texas, 1972), dealt with the constitutionality of § 1623 and is not relevant to the issue involved here.