**UNITED STATES of America**

v.

**Louis CECCERELLI, Defendant.**

**Crim. A. No. 72–149.**

United States District Court,
W. D. Pennsylvania.

Nov. 1, 1972.

476

Richard Thornburgh, U. S. Atty., Milton J. Carp, Sp. Atty., U. S. Dept. of Justice, Organized Crime and Racketeering Strike Force, Pittsburgh, Pa., for Government.

John J. Petrush, Pittsburgh, Pa., for defendant.

## MEMORANDUM and ORDER

McCUNE, District Judge.

Louis Ceccerelli, Captain of the Aliquippa (Pennsylvania) Police Department was indicted for perjury[1] following his testimony on April 11, 1972, before the United States Special Grand Jury sitting at Pittsburgh, Pennsylvania. He has now moved to dismiss the indictment.

The Grand Jury had called Ceccerelli as part of its investigation of organized crime in Beaver County, Pennsylvania. The transcript of defendant's testimony attached as an exhibit to his motion to dismiss indicates he was asked about certain meetings that allegedly occurred in January, February and March, 1972, between himself and Ronald "Roddy" Jones, a reputed Beaver County numbers banker. Ceccerelli said that he had seen or briefly talked to Jones two or three times in early 1972, but he denied ever meeting with him for extended periods of up to one-half hour on a bench or in a car.[2]

The defendant raises eight arguments to support his motion to dismiss. We find none of them convincing and will dispose of them in order.

1. Defendant first argues that he cannot be accused of perjury because he did not deny meeting with Jones.

■ The argument is not persuasive. It is true that Ceccerelli said he had seen and/or talked with Jones briefly during early 1972. The indictment shows, however, that the alleged perjury arose, not from his answers to whether he had ever "met" with Jones but from his answers concerning the location, number and frequency of the meetings.

2. Defendant next argues that 18 U.S.C. § 1623 is unconstitutionally vague since a man of common intelligence would not understand the meaning of the word "material." Defendant argues that by using the word "material" Congress used a legal term of art "beyond the competence of the man-on-the-street" and therefore the statute lacks the narrow specificity required to protect it from constitutional attack.

■ We disagree. The word "material" is, no doubt, a legal term of art. But it does not follow that the statute is therefore unconstitutionally vague. The word "material" is used in § 1621 (the old perjury section) as well as § 1623, and materiality has traditionally been an element of the crime of perjury.

We consider it highly persuasive that in the long line of cases interpreting § 1621 neither defendant nor the court has found any which declare the materiality standard constitutionally defective. If "material" has not been found to be unduly vague in § 1621 we do not think it is defective when used in an identical context in § 1623.

3. Defendant next contends that the two witness rule is a constitutionally required burden of proof and cannot be abrogated by statute.

The two witness rule under the common law and the § 1621 perjury provision required that the falsity of the defendant's declaration under oath be established either by the testimony of two witnesses or by the testimony of one witness plus corroborating circumstances. Section 1623, however, abolishes the two witness rule. It provides that per-

---

[1]. 18 U.S.C. § 1623.

[2]. The indictment sets out the following exchange:

"Q. Have you ever met with Roddy Jones at any time for a long period of time, about 25 minutes, 30 minutes?
A. No.

\*　　\*　　\*　　\*　　\*

Q. I meant, to sit down with him on a bench or get into a car with him and talk with him for a period of time. Nothing like that?
A. No, not that I can remember, no.

\*　　\*　　\*　　\*　　\*

Q. Okay. In other words you wouldn't have had meetings with him in January, February, March?
A. No, Sir."

jury must be proved beyond a reasonable doubt but that it does not have to be proved "by any particular number of witnesses." [3]

There is a paucity of precedent on the issue of the constitutionality of the Section's abolition of the two witness rule. The only reported decision is United States v. McGinnis, 344 F.Supp. 89 (S. D.Tex.1972). As Ceccerelli does here, the defendant in *McGinnis* argued that Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495 (1945) supported his contention that the two witness rule was constitutionally required. The court in *McGinnis* did not find *Weiler* controlling and neither do we.

■ In *Weiler* the court refused to adopt the government's argument that the two witness rule should be abandoned. But the decision did not hold that the rule was a constitutional mandate. The court only held that since there was an absence of legislation in derogation of the rule and the rule could not be rejected as wholly unreasonable it would not be discarded. Now, however, there is legislation in derogation of the rule. Section 1623 has "given, by Congressional mandate, a sound basis for upholding the elimination of the two-witness rule such as was lacking in the *Weiler* decision." United States v. McGinnis, *supra*, 344 F.Supp. at 92.

4. Defendant next contends that the questions asked were ambiguous and cannot support a charge of perjury. Defendant finds particularly offensive the words "met with" and "regular."

■ It is true that these words can have more than one meaning or connotation. As defendant points out "met with" could mean either to have come together by prearrangement or encountered by chance. But mere vagueness or ambiguity in the questions is not enough to establish a defense to perjury. Almost any question or answer can be interpreted in several ways when subject-ed to ingenious scrutiny after the fact. The determinative point of interpretation is when the question is asked. If a question is vague or ambiguous when asked and evokes an untruthful answer born of misunderstanding, as opposed to a willful and false material declaration, then a perjury charge cannot lie. We do not think the questions involved here were fatally vague or ambiguous.

"The test which is applied in such cases is neither wholly objective, nor wholly subjective. It would seem that the meeting of minds is the most important thing. Usually the words used are of such well known content that it will be quite apparent that the questioner and answerer understood each other. But, even if this would not be objectively obvious, if from the face of the indictment it appears that the minds of the questioner and answerer did, in fact, meet on the definition of the words used, the indictment will not be too vague." United States v. Cobert, 227 F.Supp. 915, 918 (S.D.Cal.1964).

We do not think that, in context, "met with" and "regular" were so cryptic as to prevent a meeting of the minds between the defendant and his questioner.

5. Defendant next would have us rule that his Grand Jury testimony was immaterial as a matter of law because at the time defendant was subpoenaed the government already had in its possession information that he had had certain meetings with Jones.

■ We will not decide now the legal merits of this argument since the issue of materialness appears to raise an essentially factual issue not properly before the court at this time.

6. Defendant contends that requiring him to testify before the Grand Jury was a violation of his 5th Amendment privilege against self-incrimination because he was already under investigation.

---

3. "(e) Proof beyond a reasonable doubt under this section is sufficient for conviction. It shall not be necessary that such proof be made by any particular number of witnesses or by documentary or other type of evidence." 18 U.S.C. § 1623(e).

■ Like the prior argument, this one rests on facts not before the court and is premature. So far as the record shows, the Grand Jury was investigating organized crime in Beaver County generally and not the defendant specifically. In any event we doubt that it is a good defense. See United States v. Winter, 348 F.2d 204 (2nd Cir. 1964), cert. denied, 382 U.S. 955, 86 S.Ct. 429, 15 L. Ed.2d 360.

7. Defendant argues that his 5th Amendment privilege against self-incrimination was violated by the failure to advise him of the right to a judicial ruling on whether he could properly refuse to answer particular questions.

■ Pennsylvania state law requires that such a warning be given. Commonwealth v. McCloskey, 443 Pa. 117, 143, 277 A.2d 764 (1971). Witnesses do not appear, however, to have a similar right before a federal Grand Jury. In the federal system even the failure to inform a Grand Jury witness of his right to consult with counsel is no defense to a perjury prosecution. United States v. Winter, *supra*. Therefore, if it is not required that defendant be informed of his right to consult with counsel it follows, *a fortiori*, it is not absolutely required that he be informed he may be entitled to a court hearing for the purpose of ruling on the propriety of specific questions put to him by the Grand Jury.

8. Finally, the defendant argues that a special Grand Jury impaneled pursuant to 18 U.S.C. §§ 3331–3334 only has the power to investigate and does not have the power to indict.

■ We disagree. The statute and Legislative History[4] indicate the Special Grand Jury, in essence, differs only from a regular Grand Jury in that it has *more* power, not less. The Special Grand Jury, for instance, can issue reports while a regular Grand Jury cannot.

In summary, we find no merit in any of defendant's contentions.

Defendant's motion to dismiss the indictment, therefore, shall be and hereby is denied.

It is so ordered.

4. 1970 U.S.Code Cong. and Adm.News, p. 4007 et seq.