**UNITED STATES of America**

v.

**Egil KROGH.**

**Crim. No. 857–73.**

United States District Court,
District of Columbia.

Nov. 15, 1973.

Leon Jaworski, William Merrill, Philip A. Lacovara, Watergate Special Prosecution Force, Washington, D. C., for the United States.

Stephen N. Shulman, Washington, D. C., for defendant Egil Krogh.

ORDER

GESELL, District Judge.

Pretrial motions of defendant having been briefed and fully argued and testimony taken, the Court after due consideration, enters the following rulings.

(1) The motion to dismiss is denied.

The sworn deposition taken in the offices of an Assistant Attorney General was a proceeding ancillary to the Watergate Grand Jury inquiry and defendant, a lawyer, was fully informed as to that fact in advance.

 As a federal official partly concerned with national security matters, he had no license to testify falsely under oath nor did he have an immunity from prosecution. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), is not applicable.

The questions asked were highly material to the Grand Jury inquiry then in progress. The Grand Jury, among other things, was concerned with the conduct of Messrs. Hunt and Liddy and the auspices under which they were operating.

 Defendant's willingness to recant some months later does not meet the prerequisite of 18 U.S.C. § 1623(d).

His Ellsberg break-in affidavit given the prosecutor did not admit the prior falsehood but was merely in conflict with his prior statement. His oral admission of falsehood was never given before the Grand Jury, although his prior sworn false statement had been read to that body. In any case, the events claimed to constitute a recantation occurred long after his original false statement and at a time when the Grand Jury had already acted as a result of its inquiry into the Hunt and Liddy Watergate break-in, which was in focus at the time that defendant's false deposition was before it. As a matter of law such a statement must be presumed to have been considered by the Grand Jury and to have substantially affected the proceedings where the Grand Jury has subsequently acted. Section 1623(d) does not contemplate a detailed inquiry into the thought processes of Grand Jurors. In addition, the effort to recant came only when, by reason of other developments, it had become manifest that the falsity of defendant's prior statement would be exposed.

(2) The motion to consolidate counts is denied.

(3) Defendant shall be provided with the prior statements of Government witnesses five days before trial. He has already been informed as to the names of those witnesses.

Defendant's request for immediate access to the Grand Jury statements of Messrs. Colson and Young in aid of his 1623(d) defense is denied, since this issue has been resolved.

 Defendant's request for access to Presidential tapes and papers in preparation for trial is also denied. The United States has indicated in a paper filed post-argument that some or all of this material may be made available by the White House to defendant and the prosecution. The details or effectiveness of these arrangements is not the Court's concern. The offenses here charged are not specific intent crimes. As a matter of law neither Barr v. Matteo, *supra,* nor instructions given the de-

fendant in the guise of national security can make an otherwise false statement given under oath without compulsion legal. Motive is simply not an issue. United States v. Moylan, 417 F.2d 1002 (4th Cir. 1969). The *Brady* doctrine is not involved, for the material, even if it contained the most explicit direction to conceal, would not be relevant on the merits. United States v. Bowles, 488 F.2d 1307 (D.C.Cir.1973).

(4) The motion to transfer is denied without prejudice. The Court will conduct a voir dire of a prospective jury panel before finally determining whether a fair and impartial jury can be obtained in this jurisdiction for this trial. This procedure is authorized by such cases as Jones v. Gasch, 131 U.S. App.D.C. 254, 404 F.2d 1231 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1414, 20 L.Ed.2d 286 (1968), and is peculiarly appropriate in this instance where defendant may well be quite unknown to most members of the public who have a general knowledge of Watergate matters.

So ordered.